Mrs. Irma OTTJES et vir, Appellants,

v.

V. B. LITTLEJOHN, Administrator,
Appellee.

No. 3317.

Court of Civil Appeals of Texas.

Waco.

Nov. 3, 1955.

Rehearing Denied Jan. 5, 1956.

Geo. K. Holland, Dallas, for appellants.

Warren S. Cook, Dallas, for appellee.

McDONALD, Chief Justice.

This case involves the ownership of the funds of a joint savings account, deposited by Orris Littlejohn, during his lifetime, with money belonging entirely and exclusively to him, in the names of *"Orris Littlejohn or Mrs. Irma Ottjes, joint account."* Mr. Littlejohn, 72 years of age and a widower without children, opened the account in July 1952 in his own name and in the name of Mrs. Ottjes, who was his niece, and at that time signed a printed form instrument, prepared by the bank, which read as follows:

"To The First National Bank of Mesquite:

"You are authorized to recognize any of the signatures subscribed below in the payment of funds * * * for this account. * * * The undersigned has read the rules and regulations of the savings department now in effect and agrees thereto * * *.

"The undersigned, joint depositors, hereby agree with each other and with the bank, that all sums now on deposit * * * or hereafter deposited by either * * * with all accumulations thereon, are and shall be owned by them jointly, with right of suvivorship, and be subject to the order or receipt of either of them or the survivor of them, and payment to or on the order of either or the survivor shall be valid and discharge said bank from liability * * *."

After signing the above Mr. Littlejohn took it with him and had Mrs. Ottjes sign same, and returned it to the bank.

Mr. Littlejohn died on 17 July 1953 and Mrs. Ottjes withdrew the money from the First National Bank of Mesquite.

Suit was brought by the administrator of the estate of Orris Littlejohn, deceased, seeking recovery of the funds of the joint savings account, against Mrs. Ottjes, who had possession of such money by virtue of her withdrawal of same from the First National Bank of Mesquite.

Trial was before the court without a jury, which gave judgment for the administrator of deceased's estate. Mrs. Ottjes appeals, contending that the instrument signed by deceased and defendant constituted a *gift in praesenti* of a joint interest in the bank account with right of survivorship of the entire account.

This joint savings account was entered in Savings Account Book No. 217, which book was given by the bank to Mr. Littlejohn. It was a rule of the Savings Department of the bank that neither party could make withdrawal without presenting the bankbook at the time of the withdrawal. The bankbook was never delivered to Mrs. Ottjes by Mr. Littlejohn but remained in his possession until after his death. No withdrawals were ever made from the account by anyone until after Mr. Littlejohn's death, which occurred on 17 July 1953.

In addition to the foregoing the record reflects that on the day prior to Mr. Littlejohn's death, a disinterested witness, Mrs. Tunnell, was at the hospital and at which time Mr. Littlejohn was critically ill and at the point of death. Mrs. Ottjes was also at the hospital. Mrs. Tunnell testified:

"Q. Did you have any conversation along about that time, say 5 or 6 o'clock in the afternoon, with Mrs. Ottjes in regard to this bank account over here? A. Yes, we went over to Uncle Orris' (Mr. Littlejohn) house.

"Q. All right. Now, what was this conversation? A. Well, we went together over to Mr. Littlejohn's house and we were going to look for his bankbook because he had—

"Q. Just a minute. I am not talking about what you did, I asked what the conversation was, what was the conversation? You said you had a conversation. A. Well, she said that if she didn't have his bankbook, if anything happened, you know, that she needed this bankbook to get the money out of the bank that he had deposited

for her to take care of his arrangement, if anything were to happen to him, and I went over there with her and we went over there together and tried to find it, to Mr. Littlejohn's house.

"Q. Tell the court whether or not she asked you to go with her over there to find the book. A. Yes sir.

"Q. What, if anything, did Mrs. Ottjes say or ask you? A. To go over with her to his house.

"Q. For what purpose? A. Well, she would need to get the bankbook so she could get the money to take care of his expenses, and he seemed, you know, just very critical or at the point of death.

"Q. What, if anything, did she say to you in regard to the amount that was on deposit over there? A. She said Uncle Orris had deposited $1500 for her to take care of his expenses, and he had also told me previous, Uncle Orris had."

Mrs. Tunnell further testified:

"Q. Now, during your visit * * * tell the jury what, if anything, Uncle Orris told you and your husband in regard to that account. A. He had told me that he had deposited $1500 in the Mesquite Bank with Mrs. Ottjes' signature so she could take care of everything for him because he knew she would be trustworthy and do what he would like for her to do, taking care of all his funeral expenses and everything.

"Q. How long prior to your uncle's death did he tell you that? A. Well, I would say 4 months or something like that.

"Q. What, if anything, else did he tell you about that money in regard— A. Said she was trustworthy and she wouldn't use it for anything else.

"Q. What else? I mean what else did he tell you? A. She wouldn't use it for anything else other than his funeral expenses. He wanted to be cared for at his death."

Mrs. Tunnell further testified that she and Mrs. Ottjes searched Mr. Littlejohn's house for the bankbook the night before he died, but could not find it that night; and that Mrs. Ottjes told her the next morning that she had searched further and found the bankbook. On the next day —the day that Mr. Littlejohn died—Mrs. Ottjes presented the bankbook to the bank and withdrew the entire joint account. Plaintiff, who is deceased's brother, qualified as administrator of his estate and instituted this suit to recover the amount of the deposit for the estate.

Mrs. Ottjes contends that the legal effect of the instrument setting up the joint account, supra, was for Mr. Littlejohn to make a gift in praesenti to her of a joint interest in the account, which ripened into a complete interest at his death.

Mrs. Ottjes further contends that delivery of the bankbook to her is not necessary to constitute the transaction a completed gift—and that all of Mrs. Tunnell's testimony both as to statements made by Mr. Littlejohn and as to statements made by Mrs. Ottjes were inadmissible as violative of the rule which forbids the introduction of parol evidence to contradict the terms of a written instrument. Mrs. Ottjes further urges that such rule is not merely a rule of evidence but also a rule of substantive law and that such evidence was incompetent and without probative force although such testimony was admitted without objection.

The controlling question in determining whether there has been a gift of a joint interest in a bank account is always the donor's true intent; and likewise a joint tenancy or a joint ownership of a deposit is created only when it clearly appears to have been a divesting by the original owner of the exclusive ownership and control of the money and a vesting of such ownership and control jointly in himself and another, with the attendant right of survivorship.

■ From the foregoing we thus see that to sustain a gift of a joint interest in a bank account two requisites are necessary: 1) *Intention by the depositor to make a gift of a joint interest in the deposit to the co-depositor.* 2) *Divesting by the depositor of exclusive dominion and control over the money, and a vesting of such dominion and control jointly in himself and another.*

■ The instrument setting up the joint account and which Mr. Littlejohn and Mrs. Ottjes signed, on its face evidences an intention by Mr. Littlejohn to create a gift to a joint interest in the account with right of survivorship to Mrs. Ottjes. See Adams v. Jones, Tex.Civ.App., 258 S.W.2d 401; also Beach v. Holland, 172 Or. 396, 142 P.2d 990, 149 A.L.R. 879. The testimony of Mrs. Tunnell that Mr. Littlejohn told her he opened the account so that Mrs. Ottjes could pay his debts and funeral expenses; and the testimony of Mrs. Tunnell that Mrs. Ottjes herself told her the night before Mr. Littlejohn died that she needed the bankbook so she could get the money out of the bank he had deposited for her to take care of his arrangements and expenses, negatives any intention on the part of Mr. Littlejohn to make a gift of the funds to Mrs. Ottjes.

To determine if the evidence was admissible presents the question of whether the parol evidence rule prohibits extrinsic proof that Mr. Littlejohn did not intend, in executing the instrument setting up the joint deposit arrangement, to give Mrs. Ottjes a present interest as a joint owner with resultant survivorship. The foregoing evidence makes it clear that Mr. Littlejohn established the joint account not to make a gift to Mrs. Ottjes, but only to facilitate Mrs. Ottjes in taking care of *his* debts and funeral expenses; and that he intended the provision for his own benefit and only to facilitate the taking care of *his* debts and expenses. The evidence further makes it clear that Mrs. Ottjes understood and realized that the words in the joint account instrument did not express the true intent of the parties. She

told Mrs. Tunnell the night before Mr. Littlejohn died that Mr. Littlejohn had set up the joint account so that she could pay *his* debts and take care of *his* arrangements and expenses. Moreover, the foregoing testimony is largely in the record without objection—and the latter testimony, i. e. what Mrs. Ottjes herself told Mrs. Tunnell, constitutes an admission against her which was neither objected to nor contradicted.

The Supreme Court has held that in equity extrinsic evidence is admissible to show that a conveyance on its face was intended as security. Peugh v. Davis, 96 U.S. 332, 24 L.Ed. 775; Brick v. Brick, 98 U.S. 514, 25 L.Ed. 256. An instrument in writing creating a joint and survivorship bank account is no more sacred or inviolable than a deed to real estate. Steiner v. Fecycz, 72 Ohio App. 18, 50 N.E.2d 621.

The U. S. Circuit Court of Appeals, in Murray v. Gadsden, 91 U.S.App.D.C. 38, 197 F.2d 194, 195, 201, 38 A.L.R.2d 554, in an identical factual situation to the case at bar, held that the parol evidence rule does not forbid inquiry into the object of the parties in executing and receiving an instrument creating a joint and survivorship bank account. In recognizing and applying one of the exceptions to the difficult parol evidence rule the court said:

"This is a salutary exception to the parol evidence rule, because a court of equity should not permit the rule to defeat the admitted, or clearly proved, intention of the parties. It should be remembered too that a writing which is called a contract is merely a memorial of the parties' agreement. It is simply evidence of the agreement and, if it be clear that it does not accurately reflect what the parties had agreed upon, monstrous injustice would be done by forcing upon them a contract which they had not actually made. * * *"

The annotation in 33 A.L.R.2d, commencing on page 573, cites numerous cases to the effect that the parol evidence rule

is inapplicable in the determination of the ownership of a joint deposit, notwithstanding both the depositor and co-depositor signed the agreement to such effect.

In re Schneider's Estate, 2 Ill.App.2d 560, 120 N.E.2d 353, 356, is a very recent case which recognizes an increasing trend to admit extrinsic evidence to show intention of a depositor into a joint bank account, even though both depositor and co-depositor signed an instrument as in the case at bar. In that case the Court of Illinois says that not to admit extrinsic evidence in such situations "not only disregards the equitable rights of the parties but makes the law an instrument of injustice." See also New Supplement Service 1955, A.L.R.2d p. 1150 (Supplementing 33 A.L.R.2d 569–581).

Upon the foregoing authorities we are of the opinion that the Trial Court properly admitted the testimony of Mrs. Tunnell and that same is sufficient to sustain the Trial Court's conclusion that a gift of a joint interest in the bank account to Mrs. Ottjes by Mr. Littlejohn was not intended.

Moreover, in the case at bar the deceased never gave the bankbook to Mrs. Ottjes, which passbook was necessary to a withdrawal of any funds from the account. Hence there was not a complete stripping and divesting by Mr. Littlejohn of exclusive dominion and control over the account, sufficient to sustain and constitute a gift. See Olive v. Olive, Tex. Civ.App., 231 S.W.2d 480; Baldwin v. Fleck, Tex.Civ.App., 168 S.W.2d 904, affirmed 141 Tex. 340, 172 S.W.2d 975; Peterson v. Weiner, Tex.Civ.App., 71 S.W.2d 544, W/E Ref.

From what has been said it follows that the record before us is sufficient to support the Trial Court's finding and judgment that the plaintiff administrator is entitled to the funds sued for.

All of defendant's points are overruled, and the judgment of the Trial Court is affirmed.