**GROOS NATIONAL BANK, Administrator, Appellant,**

**v.**

**J. M. NORRIS, Appellee.**

**No. 3924.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 20, 1964.

Rehearing Denied Dec. 11, 1964.

**402**

Rice & Nowland, San Antonio, for appellant.

Remy & Burns, San Antonio, for appellee.

GRISSOM, Chief Justice.

In February, 1961, Maud Brown Champagne and J. M. Norris executed an agreement which contained the following provision:

"The undersigned joint depositors, hereby agree, each with the other and with the above bank that all sums now on deposit heretofore or hereafter deposited by either or both of said joint depositors with said bank to their credit as such joint depositors with all accumulations thereon, are and shall be owned by them jointly, with right of survivorship and be subject to the check or receipt of either of them or the survivor of them and payment to or on the check of either or the survivor shall be valid and discharge said bank from liability."

At the same time they executed a signature card showing the signatures of Mrs. Champagne and Mr. Norris. It contained the recital, "New card adding signature of J. M. Norris to the account and making survivorship." After the death of Mrs. Champagne, Norris withdrew the money in said account. The foregoing facts are undisputed. They were alleged by both plaintiff and defendant.

Groos National Bank, as administrator of Mrs. Champagne's estate, filed this suit against Norris to recover the money he withdrew from said account after Mrs. Champagne's death. Said administrator alleged it was an asset of Mrs. Champagne's estate. In a trial to the court, judgment was rendered for the defendant. The administrator has appealed.

Appellant's points are to the effect that the survivorship agreement and signature card were executed for the protection of the bank and conveyed no interest to Norris; that Mrs. Champagne left a will in which she bequeathed said money to her brothers; that said funds never belonged to Norris and that Mrs. Champagne's will transferred title thereto to her brothers. Said points are overruled.

The contract does not disclose, as contended by the administrator, that it was executed solely for the protection of the bank and conveyed no interest to Norris. It justified, if it did not compel, the conclusion that the parties intended that if Norris survived Mrs. Champagne he should be the owner of the funds then in the account.

Appellant alleged that Mrs. Champagne's probated will contained a provision that "*My* checking account with the National Bank of Commerce I wish to go to my three brothers." (Emphasis ours.) Appellant has not filed a statement of facts. There are no findings of fact. We cannot know that Mrs. Champagne left a will so providing. However, if such fact were in evidence, it would not be conclusive and compel a different disposition of the case. Assuming that she could thus dispose of Norris' interest in the account, such a provision in her will would not be conclusive of her intent to do so. To illustrate, she may have had an individual account in said bank which she referred to as "My" account. She could

have intended to bequeath that money to her brothers if Norris died before she did and she became the survivor and sole owner. Certainly, in the absence of conclusive evidence of disposition of the account by Mrs. Champagne, we cannot say that the court erred in holding that, as the survivor, Mr. Norris became the owner of the account. Davis v. East Texas Savings & Loan Association, 163 Tex. 361, 354 S.W.2d 926, 931; Krueger v. Williams, 163 Tex. 545, 359 S.W.2d 48, 52; Adams v. Jones, Tex.Civ.App., 258 S.W.2d 401, 403; Johnson v. Johnson, Tex.Civ.App., 306 S. W.2d 780.

The judgment is affirmed.