**ESTATE of Frances F. REYNOLDS et al.,
Appellants,**

**v.**

**Esther REYNOLDS et vir, Appellees.**

**No. 17314.**

Court of Civil Appeals of Texas.

Dallas.

July 3, 1969.

Rehearing Denied July 25, 1969.

Fred Reynolds, Starkey, Reynolds & Burns, Houston, for appellants.

Gene W. Schutze, Ashley, Welch, Stanford & Schutze, Dallas, for appellees.

BATEMAN, Justice.

This appeal involves the question of ownership of a bank account held in the names of a mother and daughter under a written agreement between them that the account is jointly owned by them as joint tenants with right of survivorship.

The appellants Tom M. Reynolds and Alban V. Reynolds, suing as heirs and independent co-executors of the estate of their deceased mother, Mrs. Frances F. Reynolds (who was also known as Mrs. F. A. Reynolds, Sr.), brought the suit against their sister, Mrs. Esther Reynolds, as an heir of Mrs. Frances F. Reynolds and an independent co-executrix of her estate, and husband, Johnnie Reynolds, alleging that Mrs. Esther Reynolds had converted the sum of $3,417.71 belonging to the estate. The trial court sustained appellees' motion for summary judgment.

Appellants insist that appellees have not carried the burden of showing the absence of a genuine issue as to any material fact and that they were entitled to judgment as a matter of law. Rule 166–A, Vernon's Texas Rules of Civil Procedure. We hold that the burden was carried and affirm the summary judgment.

The evidence offered in support of and against the motion, consisting of the affidavits of Esther Reynolds and Tom M. Reynolds and the exhibits attached thereto, reveals without dispute that the savings account in question was opened in the United States National Bank, Galveston, Texas, on March 22, 1957, in the names of

"Mrs. F. A. Reynolds, Sr. or Mrs. Esther Reynolds"; that over the years numerous deposits were made therein and there were numerous withdrawals therefrom, and that in August 1965 after the death of Mrs. Frances F. Reynolds, the balance of $3,417.71 was withdrawn by the appellee Esther Reynolds. Some of the deposits were made by the mother and some of them by the daughter; the exact amounts deposited and withdrawn by each not being clearly shown. They signed this agreement on a printed card furnished by the bank:

### JOINT ACCOUNT—PAYABLE TO EITHER OR SURVIVOR

We agree and declare that all funds now, or hereafter, deposited in this account are, and shall be, our joint property and owned by us as joint tenants with right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by, or upon the order of, either of us or the survivor.

It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives.

Mrs. F. A. Reynolds, Sr.

Mrs. Esther Reynolds.

It is permissible under the law for two or more persons to agree among themselves that jointly owned property shall pass to and vest in the survivor as at common law. Chandler v. Kountze, 130 S.W.2d 327, 329 (Tex.Civ.App., Galveston 1939, writ ref'd). The general rule is that "where the contract is clear and explicit in creating a joint tenancy with right of survivorship, and there is no fraud, undue influence, mistake, or other infirmity relied upon * * * the courts are bound by the agreement." Shroff v. Deaton, 220

S.W.2d 489, 492 (Tex.Civ.App., Texarkana 1949, no writ).

It has also been held, in a case where a joint account was created by a man in his own name and in that of his niece, both of whom signed an agreement as to the right of survivorship similar to that in this case, parol evidence is admissible to show that the uncle, who had retained possession of the bank book, had created the joint account as a matter of convenience to facilitate the use of the funds therein for his own funeral expenses, and that this evidence made it clear that the agreement did not express the true intent of the parties, that the uncle did not intend to make a gift of the funds in the account to his niece, and that she acquired no ownership therein. Ottjes v. Littlejohn, 285 S.W.2d 243, 246 (Tex.Civ.App., Waco 1956, writ ref'd n. r. e.). See also annotation in 33 A.L.R. 2d 569.

Appellants endeavored to bring this case within the rule of Ottjes versus Littlejohn through a portion of a letter written by Mrs. Esther Reynolds to Tom M. Reynolds, as follows:

"Mamma told me she was going to put her money in a bank in League City, of course, and she wanted me to co-sign with her. I told her that that would defeat the purpose all together for I was too far away and she should get someone in League City preferably Alban or Nora. If she was sick they could cash a check and get the needed amount of money. She always seem to be worried over getting sick and not having enough money on hand. This she did."

This obviously had reference to another bank account—not the one in question here. It appears from Tom M. Reynolds' own affidavit that his mother had a joint bank account with her daughter-in-law, Elea Nora Reynolds, in the League City State Bank, League City, Texas, "that the account was open solely for the convenience of Mrs. F. A. Reynolds, deceased, and that Elea Nora Reynolds never had nor claimed any interest or rights in said account or funds except that of a Trustee for Mrs. F. A. Reynolds, deceased, during her lifetime."

■ Appellants would have us infer that the account in question, which was in a Galveston bank, was likewise created for the convenience of the elder Mrs. Reynolds. We see no basis for such an inference. Mrs. Esther Reynolds lived in Dallas, Texas, which is closer to League City than it is to Galveston, yet she wrote her brother that she was "too far away" from League City to be able conveniently to cash checks on that account and get money for her mother if she became ill. How, then, can it be inferred that she could conveniently perform those functions with respect to the Galveston account, several miles farther away?

■ We find nothing in any of the evidence to detract from the position taken by Mrs. Esther Reynolds, which is that she and her mother opened and maintained the savings account in the Galveston bank under an agreement between them that the funds in the account should belong to the survivor. The evidence negates the presence of any fraud, undue influence, mistake or other infirmity by which that agreement could be destroyed, and does not support the theory that the elder Mrs. Reynolds opened this account exclusively with her own money and for her own convenience.

Therefore, it is our holding that appellees successfully carried the burden of showing the absence of a genuine issue as to any material fact and that they were entitled to the summary judgment as a matter of law. This holding is supported, we think, by the following authorities: Gross National Bank v. Norris, 384 S.W.2d 401 (Tex. Civ.App., Eastland 1964, no writ); Krueger v. Williams, 163 Tex. 545, 359 S.W.2d 48 (1962); Adams v. Jones, 258 S.W.2d 401 (Tex.Civ.App., Austin 1953, no writ; holding that the survivor was entitled to the funds in the account even though all deposits and withdrawals from the account

had been made solely by the decedent.); Johnson v. Johnson, 306 S.W.2d 780 (Tex. Civ.App., Amarillo 1957, writ ref'd n. r.e.); Terrill v. Davis, 418 S.W.2d 333 (Tex.Civ. App., Eastland 1967, writ ref'd n. r. e.); Quilter v. Wendland, 403 S.W.2d 335 (Tex. 1966), holding that the survivor could recover even though he had not signed the usual agreement, on the theory that he was a third party beneficiary of the contract between the decedent and the savings association; Brown v. Lane, 383 S.W.2d 649 (Tex.Civ.App., Dallas 1964, writ ref'd).

The judgment is affirmed.