Margia GRIFFIN, Appellant,

v.

Ralph B. ROBERTSON, Jr., Appellee.

No. 8711.

Court of Civil Appeals of Texas, Texarkana.

Nov. 13, 1979.

Robert W. Littrell, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Harry B. Friedman, Harkness, Friedman, Kusin & Hooper, Texarkana, for appellee.

CORNELIUS, Chief Justice.

Ralph B. (Blake) Robertson, Jr., brought this suit against Mrs. Margia Griffin, seeking a declaratory judgment to determine his rights in two joint survivorship accounts deposited with the Red River Employees Federal Credit Union. The accounts had been deposited by Blake's father, Ralph B. Robertson, Sr., in joint share accounts in the names of Ralph B. Robertson and Margia Griffin. Mrs. Griffin was Mr. Robertson's niece. Mr. Robertson died after making the deposit. Blake was named sole devisee and legatee in his father's will, and he claimed ownership of the joint credit union accounts on the theory that his father had created an oral trust in the accounts with Mrs. Griffin as trustee of the funds for his (Blake's) benefit. The trial court, in a non-jury trial, found the existence of a parol trust and ordered Mrs. Griffin to pay the sums in the two joint accounts to Blake.

Both Ralph B. Robertson, Sr. and Mrs. Griffin signed the joint share account agreements which contained the following provision:

"The _____ Credit Union is hereby authorized to recognize any of the signatures subscribed hereto in the payment of funds or the transaction of any business for this account. The joint owners of this account, hereby agree with each other and with said Credit Union that all sums now paid in on shares, or heretofore or hereafter paid in on shares by any or all of said joint owners to their credit as such joint owners with all accumulations thereon, are and shall be owned by them jointly, with right of survivorship and be subject to the withdrawal or receipt of any of them, and payment to any of them or the survivor or survivors shall be valid and discharge said Credit Union from any liability for such payment."

Mrs. Griffin contends that Mr. Robertson intended to make a gift of the money to her, and argues that the trial court erred in admitting oral evidence tending to show that the elder Robertson intended to create a trust in the funds because such evidence contradicts the terms of the written joint survivorship agreements, thus violating the parol evidence rule.

In 1972 Mr. Robertson and his wife, Freddah, were divorced. They owned a joint savings account in the Red River Employees Federal Credit Union which both intended to use for Blake's education. The divorce decree recognized that the savings account was for Blake's education, but simply divided it between Mr. and Mrs. Robertson, and made no attempt to place it in trust or otherwise officially set it aside for that purpose. After the divorce, Mr. Robertson redeposited his share of the funds in two accounts at the Red River Credit Union: No. 14311–99 in the name of Ralph B. Robertson and No. 14311–10 in the name of Ralph B. Robertson and Blake Robertson.

On June 5, 1972, Mr. Robertson executed his last will and testament. He named Blake as sole devisee and legatee and appointed Mrs. Griffin as independent executrix of the will and as trustee to manage the estate during Blake's minority. Some two and one-half months later Mr. Robertson changed his accounts at the credit union to Joint Share Accounts, with right of survivorship, in his and Mrs. Griffin's names. In January of 1973 Robertson discovered that he had cancer. He continued to work until the first of April when he went to live with his sister, Mrs. Hazel Rachell, who was also Mrs. Griffin's mother, and he stayed with her until he died on June 18.

At the trial the court admitted into evidence testimony from persons who were well acquainted with Mr. Robertson that it was his intention that the money in the two credit union accounts would go to his son for his education. Several of these witnesses testified that they were actually told by Robertson that he had made Mrs. Griffin the trustee of the funds for the benefit of his son. Mrs. Rachell stated that Robertson never had any intention of giving the money to Mrs. Griffin, but instead was trying to prevent his ex-wife from getting any of it. Other witnesses testified that Robertson had stated that the money in the two accounts was for Blake's education.

 Although there is some difference of opinion, the majority rule in the United States and the well settled rule in Texas is that parol evidence is admissible to show the true intention of a depositor in setting up a joint survivorship account, even though such evidence contradicts the express terms of the joint account agreement. *Dulak v. Dulak,* 513 S.W.2d 205 (Tex.1974); *Krueger v. Williams,* 359 S.W.2d 48 (Tex. 1962); *Wallrath v. Calvert,* 442 S.W.2d 884 (Tex.Civ.App.Austin 1969), *modified,* 457 S.W.3d 376 (Tex.1970); *Hays v. Nelson,* 400 S.W.2d 12 (Tex.Civ.App.Fort Worth 1966, no writ); *Brown v. Lane,* 383 S.W.2d 649 (Tex.Civ.App.Dallas 1964, writ ref'd); *Ottjes v. Littlejohn,* 285 S.W.2d 243 (Tex. Civ.App.Waco 1955, writ ref'd n.r.e.); *Olive v. Olive,* 231 S.W.2d 480 (Tex.Civ.App.Dallas 1950, no writ); *Pruett v. First National Bank of Temple,* 175 S.W.2d 658 (Tex.Civ. App.Austin 1943, no writ); 9 Bailey, Texas Wills, §§ 237, 238 (1968); Bogert, Trusts and Trustees, § 47, pp. 359–364 (2d ed. 1965); Comment, *Joint Bank Accounts and Parol Evidence,* 20 Baylor L.Rev. 192, 203–205 (1968); Annot., 33 A.L.R.2d 569; Uniform Probate Code Ann. § 6–104(a). Joint survivorship agreements, particularly where they provide for the joint ownership of the account, as they do here, raise a presumption that the depositor intended to give a present interest in the account to the co-depositor, but the presumption can be rebutted by clear and satisfactory evidence that a contrary result was intended. *Krueger v. Williams,* supra; *Ottjes v. Littlejohn,* supra; Comment, 20 Baylor L.Rev. at 195. An example of the rule, as applied to a case of this type, is given in the case of *In re Staver's Estate,* 218 Wis. 114, 260 N.W. 655 (1935), which has been cited with approval by our Supreme Court.[1] There the Supreme Court of Wisconsin said:

" . . . A similar case would be the case where A deposits money in a bank, takes a certificate to himself and B jointly as a result of an express agreement with B that upon the death of A the funds will be distributed to A's children. There the legal title is in B upon the death of A, subject to a trust which should be enforced according to its terms. The legal title being in the survivor, it would be necessary to show by clear and satisfactory evidence a conscientious duty upon the part of the survivor to hold the title in trust for another. In the absence of such a showing, the complete ownership must be held to be in the survivor."

 The trial court correctly admitted evidence tending to show the true intention of Mr. Robertson in making the deposits to the joint share accounts.

Appellant also contends that the evidence admitted at the trial was insufficient to support the trial court's finding of a parol trust in the funds.

---

1. *Krueger v. Williams,* 359 S.W.2d 48 (Tex.1962).

A trust in personal property may be created by parol. 57 Tex.Jur.2d Trusts, § 21, pp. 397, 398. But as noted earlier, when the property is a joint share account with joint ownership and survivorship agreements, the evidence tending to establish a trust therein must be clear.

We believe the evidence in this case meets that test. The only evidence presented by Mrs. Griffin was her own testimony and that of her friend and co-worker, Mrs. Elvis Roberts. Mrs. Griffin testified that Robertson told her that he was disappointed because Blake failed to visit him as much as he should have during his illness, and that his ex-wife Freddah and Blake had already gotten everything else he had worked for all of his life and that he didn't intend for them to get the credit union money. Mrs. Roberts essentially corroborated Mrs. Griffin's testimony. On the other hand, numerous witnesses testified that Blake visited his father regularly and frequently during his last illness, and that Mr. Robertson's love for his son and his desire for him to have the credit union money for his education were the overriding concerns of his entire life, especially near the end. Several of those witnesses, including Mrs. Griffin's mother with whom Mr. Robertson stayed for the last few weeks prior to his death, testified that they heard Robertson say that he had made Mrs. Griffin trustee of the credit union money so that she could see that Blake would get it for his education. In addition, the fact that Mrs. Griffin was a close and trusted relative of Robertson's whom he named as independent executrix and trustee in his will which devised all of his estate to Blake, is consistent with the conclusion that Mr. Robertson set up the joint accounts in order to provide a convenient and efficient way of using the funds for the education of his son. We conclude that the great weight of the evidence supports the trial court's findings of fact.

The judgment is affirmed.

HUTCHINSON, J., not participating.