Callie ALEXANDER for the Estate of
Geneva Fowler Smith,
Deceased, Appellant,

v.

Naomi BOWENS and Clarence Reed.

No. 1312.

Court of Civil Appeals of Texas,
Tyler.

Jan. 31, 1980.

James P. Hopkins, Dallas, for appellant.

Howard V. Tygrett, Jr., Tygrett, Walker & Lamb, Dallas, for appellees.

SUMMERS, Chief Justice.

This appeal involves the question of ownership of a bank account held in the names of an aunt and her niece under a written agreement between them that the account was jointly owned by them as joint tenants with right of survivorship.

Appellant Callie Alexander, as administratrix of the estate of her sister Geneva Fowler Smith (deceased), sued Naomi Bowens and Clarence Reed, a niece and nephew of the deceased, for the return of the proceeds of a savings account at the Grove State Bank in Dallas, Texas, totaling $47,-281.65, claiming such account was the property of the estate. Naomi Bowens was a co-signer with the deceased on said account.

Geneva Fowler Smith, deceased, was a 64-year-old widow with no children who lived alone. She died on January 19, 1977, intestate. On February 20, 1977, appellee Naomi Bowens deposited two checks from the Department of Social Security and the Veterans Administration payable to the deceased totaling $287.90. Mrs. Bowens also made three withdrawals from said account after the death of her aunt on the following dates and amounts: on January 20, 1977—$3,000.00, on January 28, 1977—$1,000.00 and on February 4, 1977—$43,281.65. These deposits and withdrawals on the part of Mrs. Bowens were the only activity in the savings account other than the original deposit by Mrs. Bowens and the deceased on August 9, 1976.

On January 25, 1977, Callie Alexander filed an application for administration of the Estate of Geneva Fowler Smith. On February 21, 1977, Callie Alexander was appointed administratrix of said estate; after qualifying as administratrix, Letters of Administration were issued to her. Mrs. Alexander was ordered by the court to go out and gather all the assets of the estate, and she informed the appellees of her duties in that regard. Naomi Bowens, instead of returning the funds, elected to divide the money between herself and appellee Clarence Reed, pursuant to the oral wishes of decedent. In order to protect the assets of the estate, action was brought by the administratrix in the Probate Court.

The Probate Court adjudged that the savings account (less the amount of the Social Security and VA checks which was held to belong to the estate as separate property of deceased) was the property of appellees and did not belong to the estate, and therefore denied appellant the relief sought. It is from this adverse judgment that appellant has appealed to this court.

We affirm.

■ The record before us is without findings of fact or conclusions of law. Under these circumstances, the well-settled rule is that the appellate court is required to affirm the judgment rendered by the trial court if it can be sustained on any reasonable theory authorized by law and supported by the evidence. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex.1962); *Sanders v. Republic National Bank of Dallas*, 389 S.W.2d 551, 554 (Tex.Civ.App.—Tyler 1965, no writ).

Appellant's appeal is predicated upon two points of error alleging (1) that the trial court erred in ruling that the savings account at the Grove State Bank was the property of Naomi Bowens, and (2) that by retaining her rights and preserving her control of the account during her lifetime, Geneva Fowler Smith prevented the transfer of the account from being a gift intervivos.

■ The controlling factor in determination of a gift intervivos is the intent of the donor; hence we turn to an examination of the acts and conduct of the parties attendant upon the following establishment of this deposit. It may be noted that parol evidence is admissible in circumstances such as we are addressing here to determine the true intent of the parties. *Wallrath v. Calvert*, 442 S.W.2d 884, 887 (Tex.Civ.App.—Austin 1969) affirmed 457 S.W.2d 376 (Tex. 1970); *Ottjes v. Littlejohn*, 285 S.W.2d 243, 246 (Tex.Civ.App.—Waco 1956, writ ref'd n. r. e.).

The evidence before us reveals that the deceased and appellee Naomi Bowens had established a close relationship during the lifetime of deceased. The deceased raised appellee, and the two were involved in business together. They decided to pool their funds and open a joint savings account. On August 9, 1976, both the decedent Geneva Fowler Smith and appellee Naomi Bowens went to the Grove State Bank with that purpose in mind. At the bank they met with Mrs. Kathleen Wall, an employee of the bank.

Mrs. Wall testified that it was her job at the Grove State Bank to interview customers who desired to open new accounts. She recalled that due to the large amount of money involved in the account to be opened by Geneva Fowler Smith and Naomi Bowens she (Mrs. Wall) was careful to explain fully the different types of accounts that were available to new customers. It was after such explanation that Mrs. Smith, the deceased, informed Mrs. Wall that the account desired was a joint-survivor account. This was the type of account Mrs. Wall opened for the deceased and appellee Naomi Bowens. The account card evidencing said type of account was signed by both the deceased and Mrs. Bowens.

■ It is permissible under the law for two or more persons to agree among themselves that jointly owned property shall pass to and vest in the survivor as at common law. *Estate of Reynolds v. Reynolds*, 443 S.W.2d 601, 602 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.); *Chandler v. Kountze*, 130 S.W.2d 327, 329 (Tex.Civ.App. —Galveston 1939, writ ref'd). See also Tex. Prob.Code Ann. sec. 46 (Supp.1980). There is ample evidence in the record of probative force to support the conclusion that it was the intent of the deceased, Mrs. Geneva Fowler Smith, to open a joint account with the right of survivorship with appellee Naomi Bowens. Strongly supporting this conclusion are the signature card and the testimony of the bank employee Mrs. Wall.

■ It is true that the fact that the parties signed the joint account card is not, as a matter of law, conclusive of a gift to appellees. The signing of the account card is but one element to be considered by the trier of fact. *Dulak v. Dulak*, 496 S.W.2d 776, 786 (Tex.Civ.App.—Austin 1973) affirmed in part and reversed and rendered in part, 513 S.W.2d 205 (Tex.1974). However, the language appearing on this account card does serve to vest in Naomi Bowens some present interest in and control over the account as well as the contractual right to possession of the proceeds as survivor. We therefore consider that the account card creates a presumption of such intention on

the part of the deceased and places the burden of proof to prove otherwise on one claiming to the contrary. *Krueger v. Williams*, 359 S.W.2d 48, 52 (Tex.1962).

We do not find that this presumption has been rebutted by the following testimony which appellant contends indicates only a convenience arrangement and that no gift was intended. Hubert Fowler, brother of the deceased, testified that Naomi was the closest relative to the deceased; that Mrs. Smith (deceased) at one time told him that if anything happened to her she wanted Naomi Bowens to have her money so she could distribute it and take care of things. Clarence Reed testified the decedent discussed the money with him before she put it in the bank; that her brother Hubert had told her to put it in an account in her name and Clarence's name, because they always took care of business, but that he (Mr. Reed) told the decedent to put the money in an account with Naomi. Naomi Bowens, called as an adverse witness, testified that "she (deceased) told me that she wanted—she said if anything happens—well, I got ahead of myself. At this time, being as this lawyer tried to get her to make out a will, she said 'I don't think I need to make out a will, because I know who I want to have my belongings, if something happens to me. I want my stuff to go to you and your family and Clarence and his family. That's who I wants to have it.'"

■ There is also evidence in the record that during the lifetime of deceased, appellee had possession of the passbook. Such evidence, unrebutted by any contrary evidence brought forth by appellant, supports the conclusion that the donor, Geneva Fowler Smith, did divest herself of exclusive dominion and control over the money; thus the two requisites to establish the making of a gift of a joint interest in a bank account (intent to do so and divestiture of exclusive dominion and control) were met. *Ottjes v. Littlejohn*, supra at 246.

Even if we were to agree with appellant's contentions that all of the funds in the account belonged to deceased and the requirements of a gift intervivos were not

properly met, appellee, in our opinion, would still prevail under a contract theory. In *Edds v. Mitchell*, 143 Tex. 307, 184 S.W.2d 823 (1943), at issue was the ownership of certain United States Savings Bonds that were payable to one Julia E. Rhode and on her death to Retta B. Edds. The court adjudicated the ownership of these bonds to be in the beneficiary without reference to the contention that this result would follow because of the supremacy of the federal statute and the U. S. Treasury regulations. The ownership in the beneficiary was predicated on the rule that a third person for whose benefit a contract was made whether he is a creditor or a donee has a right that he may enforce against the promisor. In so holding, the Texas Supreme Court adopted the language from *Reynolds v. Danco*, 134 N.J.Eq. 560, 36 A.2d 420, 421 (1944):

> "There was here . . . a contract between the decedent and the government, by the terms of which the defendant, as registered beneficiary, acquired a present vested though defeasible interest contemporaneous with the superior rights of the decedent, and his death terminated his rights and left the defendant with an indefeasible ownership entitling her to demand payment of the proceeds."

In *Davis v. East Texas Savings & Loan Association*, 163 Tex. 341, 354 S.W.2d 926 (1962), a savings and loan stock certificate was issued in the name of the husband or wife and a signature card was signed by each stating that the certificate was held by them as joint tenants with the right of survivorship. It was held in *Davis* that upon the death of the husband, the wife became the owner of the proceeds of the certificate as her separate property on the theory that the contract made by Davis with the association in respect to his separate funds was a valid and enforceable contract for the benefit of the third party.

■ The same argument could be made in the instant case. The contract between Geneva Fowler Smith and the Grove State Bank was completed when the money was deposited, the signature card was signed

and the passbook changed hands. Upon death, the proceeds of the account would belong to the third party beneficiary, in this case appellee Naomi Bowens. See *Quilter v. Wendland*, 403 S.W.2d 335, 337–38 (Tex. 1966); *Krueger v. Williams*, supra at 51.

Where a contract, or in this case a signature card, is clear and explicit in creating a joint tenancy with right of survivorship, the courts are bound by the agreement. *Adams v. Jones*, 258 S.W.2d 401, 403 (Tex.Civ.App.—Austin 1953, no writ); *Shroff v. Deaton*, 220 S.W.2d 489, 492 (Tex. Civ.App.—Texarkana 1949, no writ); *Chandler v. Kountze*, supra at 329.

Accordingly, we overrule appellant's points of error and affirm the judgment of the Probate Court.