**WILLIAM MARSH RICE UNIVERSITY and Achievement Rewards for College Scientists Foundation, Appellants,**

v.

**Garnett I. BIRDWELL, Administrator with Will Annexed of the Estate of James Cecil Brown, Deceased, Margaret Sandoz Brown, and Garnett I. Birdwell, Individually, Appellees.**

No. B2695.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 15, 1981.

Mary C. Williams, Baker & Botts, Houston, for appellants.

James R. Doxey, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

MURPHY, Justice.

Appellants appeal from a judgment which held that four bank accounts passed outside the will of James Cecil Brown, deceased, as joint tenancies with right of survivorship. In contention is whether the Probate Court erred in finding the accounts were joint tenancies with right of survivorship instead of finding the four bank accounts passed to Appellants through the residuary clause of the will. We affirm.

James Cecil Brown (Decedent) died in 1975 and left a typewritten will dated September 16, 1963. There is no dispute about the validity and due execution of his will. Garnett I. Birdwell, one of the Appellees in this appeal, applied for and received letters of administration on April 28, 1975. At a hearing on August 1, 1980, the Probate Court construed the will and held the will embodied a valid trust which excluded all joint accounts, savings and checking, held by Decedent in his name and others at the time of his death from the administration of Decedent's estate and the deposited funds passed outside the terms of the will. At his death Decedent left six bank accounts, including:

Houston National Bank, Account No. 902856, styled "James Cecil Brown or Margaret S. Brown";

Texas Commerce Bank, Account No. 293–7647, styled "J. C. Brown or Garnett Birdwell";

First City National Bank, Account No. 01–3397–3, styled "J. C. Brown or Margaret S. Brown";

Texas Commerce Bank, Account No. 8328320, styled "J. C. Brown or Garnett Birdwell";

Texas Commerce Bank, Account No. 8635575, styled "J. C. Brown or Garnett Birdwell"; and

Texas Commerce Bank, Account No. 8013948, styled "J. C. Brown or Garnett Birdwell".

Appellants concede the first two accounts listed above passed outside the will, but contend the latter four accounts fail to meet the requirements for joint tenancies with right of survivorship and, as mere convenience accounts, pass through the residuary clause. The disposition of these latter four accounts is the subject of Appellants' properly perfected appeal.

▮ Appellants assert four points of error. In their first point of error, they argue the signature cards for the four accounts in dispute fail to establish rights of survivorship. Texas law does not favor joint tenancies with right of survivorship (JTWROS) in that they will not be found to exist by inference or presumption. *Ross v. Armstrong*, 25 Tex. 355, 370–372 (1860); Tex.Prob.Code Ann. § 46 (Vernon 1980). Section 46 of the Probate Code provides, however, that parties may create a JTWROS by an agreement in writing. Tex.Prob.Code Ann. § 46 (Vernon 1980). Probate Code Section 439 provides further that where a party who later dies has signed a written agreement, sums in a joint account at the death of that party will pass to the surviving party rather than to the estate of the Decedent. Tex.Prob.Code Ann. § 439 (Vernon 1980). Here, the Decedent never married, therefore, none of the accounts represent community property requiring a formal statutory partition agreement mandated in case law and by our community property system. *See, e.g., Williams v. McKnight*, 402 S.W.2d 505 (Tex. 1966); *Hilley v. Hilley*, 161 Tex. 569, 342 S.W.2d 565 (1961). In cases involving bank accounts where no community property issue exists, Texas courts have looked to the language of the accounts' signature cards. *Carnes v. Meador*, 533 S.W.2d 365, 370 (Tex. Civ.App.—Dallas 1975, writ ref'd n. r. e.). Language such as "or payable to the survivor of either" on a joint control signature card has been held to be evidence of a written agreement intended to create a JTWROS. *Krueger v. Williams*, 163 Tex.

545, 359 S.W.2d 48, 51–52 (1962); *Brown v. Lane*, 383 S.W.2d 649, 650 (Tex.Civ.App.— Dallas 1964, writ ref'd). The term "survivor" is crucial to creating the presumption that the parties intended to create rights of survivorship. *Id; E. M. Forehand v. Light*, 452 S.W.2d 709, 710 (Tex.1970). An examination of the signature cards for the four accounts in dispute reveals that the cards for two of the accounts, Account Nos. 01–3397–3 and 8328320, contain the language of survivorship deemed vital to creating the presumption that Decedent intended joint interests rather than a convenience account. The signature card for the account in the First City National Bank, Account No. 01–3397–3, styled "J. C. Brown or Margaret S. Brown", contains the following language:

"... to us, or either of us, or to the survivor of us, or to the executors, administrators or assigns of such survivor, ... "

▮ The signature card for the account in Texas Commerce Bank, Account No. 8328320, styled "J. C. Brown or Garnett Birdwell" states the following:

"It is hereby declared by the undersigned that the funds now in this account or which may hereafter come into this account ... are to be paid ... to us or to either of us ... In the event of the death of either of us the funds shall be payable to the survivor, and in the event of the death of the survivor, the funds shall be payable to the administrator, executor, or legal successors of such survivor ... "

It is clear from the discussion of the authorities above that the quoted language sufficiently raises the presumption that Decedent intended to create a JTWROS interest in the two accounts above. Further evidence of Decedent's intent to create JTWROS can be found in the express language of the will which directs "any funds presently or later in joint savings accounts or check accounts bearing my name as one of the persons, are hereby completely excluded from this will and its administration." As to those accounts, therefore, Appellants' first point of error must be overruled.

It is also clear from the above authorities that Appellants' second point of error which asserts that convenience accounts are presumed and the party claiming the contrary has the burden of proof states the law incorrectly. Where terms giving rise to a presumptive JTWROS are present, the party claiming the contrary, i.e., that a convenience account exists, has the burden to rebut the JTWROS presumption with clear and satisfactory evidence. *Alexander v. Bowens*, 595 S.W.2d 176, 178–79 (Tex.Civ.App.—Tyler 1980, no writ); *Kennedy v. Beasley*, 606 S.W.2d 1, 4 (Tex. Civ.App.—Houston [1st Dist.] 1980, writ ref'd n. r. e.). *Worden v. Thornburg*, 564 S.W.2d 480, 486 (Tex.Civ.App. Corpus Christi 1978, writ ref'd n. r. e.). *Griffin v. Robertson*, 592 S.W.2d 31, 33 (Tex.Civ.App. Texarkana 1979, no writ). Appellants have provided no clear and satisfactory evidence to rebut the presumption arising from the language in the signature cards of the previously described two accounts, and, therefore, have failed to meet the burden imposed by the above-cited authorities.

In their third and fourth points of error, Appellants contend the trial court's holding the four accounts described above passed outside the will frustrates Decedent's testamentary intent and ruins his dispositive scheme, and therefore, is erroneous. We have already found that accounts Numbers 8328320 and 01–3397–3 necessarily pass outside the administration of Decedent's estate due to the presence of survivorship language and the JTWROS presumption Appellants have failed to rebut. The signature cards for Account Numbers 8635575 and 8013948 do not contain any of the language vital to giving rise to the rebuttable presumption that Decedent intended to create survivorship rights. It is, however, within the province of the Probate Court to determine the intent of a testator after examining the evidence and the plain language of the will as an entirety. *Gee v. Read*, 606 S.W.2d 677, 680 (Tex.1980). Construction of a will must be reasonably consistent with a testator's purpose. *Carr v. Rogers*, 383 S.W.2d 383, 384–85 (Tex.1964); *Stahl v. Shriner's Hospital for Crippled Children of Texas*, 581 S.W.2d 227 (Tex.Civ. App.—Waco 1979), *reversed*, 610 S.W.2d 147, 151–52 (Tex.1980). An examination of the plain language of the will here indicates that Decedent intended to create a trust and that the trust funds should pass outside the administration of his estate to the named beneficiaries. The residuary clause merely provides a means for disposition of funds remaining after the distribution of legacies has been accomplished. It does not demand that funds be made available to the residuary legatees. Because of the clear, plain language of the will and Decedent's readily apparent dispositive scheme, Appellants' third and fourth points of error are without merit. Moreover, in the absence of findings of fact and conclusions of law, an appellate court must presume that a lower court's construction of a will is grounded upon sufficient evidence reflecting a decedent's intent and affirm the judgment of the court if it can be upheld upon any legal theory supported by the evidence. *Steinbach v. Kieke*, 451 S.W.2d 956, 957 (Tex.Civ. App. Houston [14th Dist.] 1970, writ ref'd n. r. e.). We find ample support for the judgment of the Probate Court in the limited evidence available for review, from Sections 46 and 439 of the Probate Code, as well as the case law cited herein.

We, therefore, affirm the judgment of the Probate Court.