Catherine W. SHEFFIELD, Appellant,

v.

The ESTATE OF Dorothy Elizabeth DOZIER, Deceased, Appellee.

No. 08–81–00286–CV.

Court of Appeals of Texas, El Paso.

Nov. 17, 1982.

Rehearing Denied Dec. 15, 1982.

Thomas L. Wright, Robert Warach, Pearson, Warach & Wales, El Paso, for appellant.

David M. Driscoll, Potash, Bernat, Sipes & Bernat, P.C., El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ., concur.

OPINION

OSBORN, Justice.

This case raises the issue as to whether the intention of a deceased person may be considered in deciding whether funds on deposit in a joint account with right of survivorship pass under a will or to the survivor of the account. We conclude the intention of the deceased may not be considered, and we reverse and render judgment for the Appellant.

On May 1, 1979, Dorothy Dozier purchased a certificate of deposit from First Savings and Loan Association of El Paso in the amount of $10,000.00. She signed a card making both this certificate of deposit and her regular savings account, joint accounts, with right of survivorship in Catherine Sheffield. On July 31, 1979, Dorothy Dozier executed a will which states, in

pertinent part, that Catherine Sheffield is to receive $2,000.00 "and whatever sum of money is, on the date of my death, in my regular savings account at First Savings and Loan Association, El Paso, Texas." Mrs. Dozier died September 21, 1980. At the time of her death, she had approximately $23,500.00 in assets. Of these assets, $10,000.00 was still in the First Savings certificate of deposit and $1,637.46 was in the First Savings regular savings account. The day after her death, Catherine Sheffield closed out both accounts and took the proceeds. The estate filed this suit claiming there was a conversion of funds belonging to the estate. Upon trial of the contested issues, the jury found that Mrs. Dozier did not intend to make a gift to Catherine Sheffield of the entire amount in her account at the savings association and further that Mrs. Dozier included Catherine Sheffield on her joint account as a matter of convenience. Judgment was entered providing that the estate recover from Catherine Sheffield the sums she had received plus interest.

■ By the first point of error, Appellant asserts the trial court erred in failing to grant her motion for instructed verdict. This motion urged that under Section 439(a) of the Tex.Probate Code sums in a joint account with right of survivorship are owned by the survivor and do not pass as part of the estate. We agree.

Prior to the enactment of Chapter XI "Nontestamentary Transfers" of the Tex. Probate Code, the courts of this State had consistently held that parol evidence was admissible to determine the intention of the depositor in setting up a joint survivorship account, even though such evidence contradicted the express terms of the joint account agreement. *William Marsh Rice University v. Birdwell*, 624 S.W.2d 661 (Tex. App.—Houston [1st Dist.] 1981, no writ); *Griffin v. Robertson*, 592 S.W.2d 31 (Tex. Civ.App.—Texarkana 1979, no writ); *Estate of Reynolds v. Reynolds*, 443 S.W.2d 601 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.).

The rule announced in those cases was changed in August, 1979, when Section 439(a) of the Tex.Probate Code became effective. This code provision states in part:

Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties against the estate of the decedent if, by a written agreement signed by the party who dies, the interest of such deceased party is made to survive to the surviving party or parties.

In addition, Section 441 of the Tex.Probate Code, which was passed at the same time as the above section, provides:

Transfers resulting from the application of Section 439 of this code are effective by reason of the account contracts involved and this statute and are not to be considered as testamentary or subject to the testamentary provisions of this code.

There can be no question that the legislature intended to change the Texas rule when it enacted the new chapter on "Nontestamentary Transfers." When the Texas code provision is compared to Section 6–104 of the Estate, Probate and Related Laws, Uniform Laws Annotated, it is readily apparent that the Texas code has deleted the language which provides for funds to pass to the surviving party "unless there is clear and convincing evidence of a different intention at the time the account is created." 8 Uniform Laws Annotated, Master Edition, p. 562 (1972).

■ We therefore conclude that once a joint account is established, and that is not an issue in this case, all funds on deposit at the death of a party belong to the survivor and the intention of the depositor as to use or ownership of those funds may not be considered as was done in the earlier Texas cases where the depositor died before August 27, 1979.

■ Although the argument is made that to apply the new code provision in this case is to give the law retroactive effect, we cannot accept such contention. The law became effective in August, 1979. It

states: "[s]ums remaining on deposit at the death of a party to a joint account * * *." Mrs. Dozier died in September, 1980. The 1979 law was then effective and applicable. The fact that the account was opened and the survivorship card signed prior to August, 1979, is not a controlling issue. We sustain Appellant's Point of Error No. One.

The judgment of the trial court is reversed, and judgment shall be entered denying Appellee all recovery from the Appellant.