Oran v. Oran 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00727-CV







Tonya Bailey Oran, Appellant




v.




Ralph E. Oran, Jr., Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 94-06560, HONORABLE PAUL DAVIS, JUDGE PRESIDING





 

 Tonya Bailey Oran appeals from the trial court's final decree of divorce terminating her
marriage to Ralph E. Oran, Jr. Appellant raises four points of error challenging the trial court's division
of property. In two points of error, she alleges the trial court erred by failing to permit reimbursement
of the community estate (1) for rental income from appellee's separate rental property and (2) for
mortgage payments, repairs, and other expenses on the rental property and the community homestead,
both of which were appellee's separate property acquired before the marriage. In a related point of
error, appellant contends it was error to refuse to permit the late filing of her Amended and Revised
Proposed Property Division. Finally, she alleges in a point of error that the trial court erred in setting
aside $3,000 for appellee from a bank account in the name of the parties' child but under appellee's
control. We will overrule appellant's points of error and affirm the judgment of the trial court. 



BACKGROUND

 Ralph E. Oran, Jr., appellee, initiated divorce proceedings against Tonya Bailey Oran,
appellant, in June, 1994. After a bench trial, the trial court signed the final decree of divorce, divided the
community property, and provided for the conservatorship and support of the parties' minor child. The trial
court awarded appellant all the personal property in her possession, the parties' automobile, and the parties'
house. The court awarded appellee the personal property in his possession and the bulk of the parties'
debt. Appellant requested findings of fact and conclusions of law, but the trial court denied her request as
untimely. Subsequent to her perfection of appeal, appellant moved the trial court to correct the record in
the case. Specifically, appellant requested the opportunity to offer into evidence her Amended and Revised
Proposed Property Division. The trial court denied the motion to correct the record, and this appeal
ensued.


DISCUSSION

 In her third and fourth points of error, appellant claims the trial court erred by offsetting her
claims for reimbursement from appellee's separate properties with the benefits she received from the
separate properties during the marriage. In 1982, before his marriage to appellant, appellee purchased a
condominium in Austin, Texas, located at 1010 W. Rundberg Lane, Unit Number 21 ("Rundberg"). He
lived at this location until 1984 when he purchased a house located at 3400 Fawn Trail ("Fawn Trail") in
Austin. Appellee subsequently converted the Rundberg property to rental property and occupied Fawn
Trail as his personal residence before and at the time of his May 1986 marriage to appellant. She contends
her claim for reimbursement is, as a matter of law, absolute and not subject to a balancing of equities. We
disagree.

 Appellant alleges that, during the parties' marriage, they received $31,370 in rental income
from Rundberg and applied the income to the expenses and upkeep of the property. She also contends
the parties used additional community funds totaling $75,050.67 to make principal and interest payments
on the Rundberg mortgage and to pay real estate taxes, homeowner association fees, and other rental
expenses. Appellant further claims the parties used $133,520.20 of community money to satisfy similar
expenses for Fawn Trail. Against the income and expenses, appellant claims a one-half community interest
in the reimbursement. Taking tax benefits, a quantum meruit living allowance, and her one-half community
interest into account, appellant requests reimbursements of $27,851.64 for the Rundberg property and
$25,779.58 for the Fawn Trail property. Including her entitlement to one-half of the community income
from Rundberg, appellant makes a total claim for $69,346.22.

 In a decree of divorce, a trial court shall order a division of property that it deems "just and
right." See Tex. Fam. Code Ann. § 3.63 (West 1993). Although appellant's proposed property division
was never admitted in evidence, the trial court indicated that it took appellant's claims into consideration
and chose to deny them. A decision to deny a "dollar for dollar" reimbursement in favor of an equitable
division of property is within the broad discretion of the trial court. See Penick v. Penick, 783 S.W.2d
194, 197 (Tex. 1988); Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981); Cole v. Cole, 880 S.W.2d
477, 480 (Tex. App.--Fort Worth 1994, no writ).

 The record reveals appellant lived at the Fawn Trail property during most of the marriage,
and during that time, the fair market rental value of the property was between $1,200 and $1,400 a month. 
The joint tax returns from that period reflect the community deducted depreciation, mortgage interest, and
repairs and improvements to the property. With respect to the Rundberg property, for the duration of the
marriage, the parties deducted depreciation and expenses for condominium fees, upkeep, and
improvements on their joint tax return. In sum, the trial court denied any claim for reimbursement, holding
appellant's benefits more than offset her claim to one-half the community's contribution. As mentioned
above, an offsetting of community expenses with community benefits is proper, and appellant presents this
Court with no findings of fact to suggest that the trial court erred in its balancing of equities. See Worford
v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Penick, 783 S.W.2d at 197. In the absence of findings
of fact and conclusions of law, we must assume the trial court made all findings necessary to support its
judgment. Id. Where findings of fact are not properly requested and none are filed, we will uphold the trial
court's judgment on any legal theory that finds support in the evidence. Lassiter v. Bliss, 559 S.W.2d 353,
358 (Tex. 1977).

 Appellant's claim for reimbursement is only one of many community assets and we must
view it in the context of the entire division of property. It appears from the record the trial court awarded
appellant the majority share of the community assets while charging appellee with most of the community
debts. We can not find an abuse of discretion where the overall division is just and right. Tex. Fam. Code
Ann. § 3.63 (West 1993); See Murff, 615 S.W.2d at 698. We conclude there was ample justification for
the trial court's decision to deny appellant's reimbursement claims and overrule appellant's third and fourth
points of error.

 In a related point of error, appellant attacks the trial court's refusal to permit the late
introduction of an exhibit containing respondent's amended and revised proposed property division. 
Appellant contends the Texas Rule of Appellate Procedure 55(b) controls, and therefore, the trial court
should have permitted her to supplement the appellate record. In the alternative, appellant contends that,
because Rule of Civil Procedure 270 governs her motion to correct, the trial court should have allowed the
introduction of her exhibit in the interests of justice. We disagree.

 At trial, the trial court informed appellant that respondent's amended and revised proposed
property division was not a part of the record in the case. The court explained to appellant she needed to
introduce the proposed property division into evidence for it to be part of the record. Appellant indicated
she understood the court's admonishment and proceeded with the trial. At the conclusion of the evidentiary
portion of the trial, and after the court had rendered its judgment, the court gave appellant another
opportunity to offer the proposed property division, and again she made no offer. Fifteen months later,
appellant filed a motion to correct the record and sought the trial court's permission to include respondent's
amended and revised proposed property division as a supplemental trial exhibit. Eighteen months after the
trial, the court held a hearing on the motion and denied appellant's motion to correct. We find from the
record that appellant had ample opportunity to introduce her proposed property division at the time of trial. 
Although Texas Rule of Civil Procedure 270 makes accommodations for additional evidence "necessary
to the due administration of justice," appellant's motion to correct was filed fifteen months after trial and was
therefore untimely. Tex. R. Civ. P. 270. Under the circumstances, we find no abuse of discretion and
overrule appellant's first point of error.

 In appellant's final point of error, she alleges the trial court erred by awarding appellee
$3,000 from a savings account in the name of the parties' child. In the final decree of divorce, the trial court
awarded $3,000 from a First State Bank account in the name of Taylor Edward Oran to appellee and any
amounts over $3,000 to the minor child. Appellant argues that the $3,000 was a gift to the parties' child,
and as such it is not subject to the division of property. We disagree.

 A controlling factor in determining whether an irrevocable gift has been made is the intent
of the donor. Ellebracht v. Ellebracht, 735 S.W.2d 658, 659 (Tex. App.--Austin 1987, no writ);
Alexander v. Bowens, 595 S.W.2d 176, 178 (Tex. Civ. App.--Tyler 1980, no writ). At trial, appellee
testified he had opened the account for his son and added spare change he had accumulated over the years. 
The record reflects the account was a joint account and appellee had the sole power to withdraw funds. 
Appellee testified the $3,000 constituted money he had earned from a summer basketball camp and he had
not intended to make a gift of the money. Appellant challenged this assertion and offered controverting
evidence. We conclude the trial court had sufficient evidence from which to determine appellee's intent. 
In the absence of findings of fact, we will presume the trial court failed to find any intent on the part of
appellee to make a gift of $3,000 to the parties' child. See Worford, 801 S.W.2d. at 109. We find no
abuse of discretion and overrule appellant's second point of error.



CONCLUSION

 Finding no error, we affirm the judgment of the trial court.

 


 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: March 27, 1997

Do Not Publish



 theory that finds support in the evidence. Lassiter v. Bliss, 559 S.W.2d 353,
358 (Tex. 1977).

 Appellant's claim for reimbursement is only one of many community assets and we must
view it in the context of the entire division of property. It appears from the record the trial court awarded
appellant the majority share of the community assets while charging appellee with most of the community
debts. We can not find an abuse of discretion where the overall division is just and right. Tex. Fam. Code
Ann. § 3.63 (West 1993); See Murff, 615 S.W.2d at 698. We conclude there was ample justification for
the trial court's decision to deny appellant's reimbursement claims and overrule appellant's third and fourth
points of error.

 In a related point of error, appellant attacks the trial court's refusal to permit the late
introduction of an exhibit containing respondent's amended and revised proposed property division. 
Appellant contends the Texas Rule of Appellate Procedure 55(b) controls, and therefore, the trial court
should have permitted her to supplement the appellate record. In the alternative, appellant contends that,
because Rule of Civil Procedure 270 governs her motion to correct, the trial court should have allowed the
introduction of her exhibit in the interests of justice. We disagree.

 At trial, the trial court informed appellant that respondent's amended and revised proposed
property division was not a part of the record in the case. The court explained to appellant she needed to
introduce the proposed property division into evidence for it to be part of the record. Appellant indicated
she understood the court's admonishment and proceeded with the trial. At the conclusion of the evidentiary
portion of the trial, and after the court had rendered its judgment, the court gave appellant another
opportunity to offer the proposed property division, and again she made no offer. Fifteen months later,
appellant filed a motion