James W. SAWYER, Appellant,

v.

Gertrude LANCASTER, Appellee.

No. 01–85–01052–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 21, 1986.

Rehearing Denied Nov. 13, 1986.

Stephen A. Dorshaw, Houston, for appellant.

J. Patrick Coulson, Lehmann & Associates, Houston, for appellee.

Before EVANS, C.J., and JACK SMITH and WARREN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a summary judgment holding that certain funds of a decedent held in a joint account with rights of survivorship were not part of the decedent's estate, and therefore belonged to appellee.

In one point of error, appellant contends that the trial court erred in holding that the proceeds of the account passed to appellee, the surviving depositor of a joint account, because the bank signature card did not meet the requirements of Tex.Prob.Code Ann. sec. 439(a) (Vernon 1980).

Appellee responds that the bank signature card was sufficient to create a presumption of joint tenancy with right of survivorship, and that appellants failed to overcome the presumption.

In April of 1983, Joseph Sawyer and Gertrude Lancaster, appellee, executed a bank signature card for the bank account in issue. The back of the card, the top portion of which was signed, contained the following language:

### CO–DEPOSITOR CLAUSE

ALL MONEYS, NOW OR AT ANY TIME DEPOSITED BY US, OR EITHER OF US, WITH HARRISBURG BANK, HOUSTON TEXAS, TO THE CREDIT OF THIS ACCOUNT ARE AND SHALL BE SO DEPOSITED BY US AND RECEIVED BY IT UPON THE FOLLOWING TERMS AND CONDITION OF REPAYMENT NAMELY: THAT THE AMOUNT THEREOF SHALL BE PAID BY HARRISBURG BANK TO US, OR EITHER OF US, OR THE SURVIVOR OF US, OR TO THE EXECUTORS, ADMINISTRATORS OR ASSIGNS OF SUCH SURVIVOR; OR UPON THE WRITTEN ORDER OF ANY SUCH PERSON SO ENTITLED TO PAYMENT; AND WITHOUT REFERENCE TO THE ORIGINAL OWNERSHIP OF THE MONEYS DEPOSITED.

IN CASE OF THE DEATH OF EITHER OR BOTH OF US, FURTHER REPAYMENT SHALL AT THE OPTION OF HARRISBURG BANK BE CONDITIONED UPON THE PRODUCTION OF EVIDENCE THAT ALL INHERITANCE AND ESTATE TAXES— IF ANY BE DUE—HAVE BEEN PAID,

AND THAT ALL OTHER PROVISIONS OF LAW IN SUCH CASES PROVIDED HAVE BEEN FULFILLED.
[SIGNED JOE SAWYER AND GERTRUDE LANCASTER AND DATED 4/19/83]

----------------

### AGENCY CLAUSE

I HEREBY APPOINT _____ WHO WILL SIGN AS MY AGENT, TO SIGN MY NAME BY .... OWN TO ALL CHECKS, DRAFTS AND OTHER DOCUMENTS IN CONNECTION WITH THIS ACCOUNT, AND TO ENDORSE MY NAME BY .... ON THE BACK OF ALL SIMILAR INSTRUMENTS TO BE DEPOSITED IN THIS ACCOUNT, OR FOR ENCASHMENT HEREBY RATIFYING ALL THAT .... HE, MY SAID AGENT, MAY DO AS MY ACT AND WISH. THIS AUTHORIZATION TO REMAIN IN FULL FORCE AND EFFECT UNTIL CANCELLED BY ME IN WRITING.
[NOT SIGNED]

After Joseph Sawyer's death in 1984, appellee commenced an action for declaratory judgment against appellant and others requesting declaratory relief that, as the surviving depositor, she was the owner of the $92,000 in the account. She moved for summary judgment. Appellee's motion for summary judgment was supported by the aforementioned bank card, and appellee's affidavit that: 1) she was the sister of Joseph Joe Sawyer who died intestate on September 10, 1984; and 2) Joseph Joe Sawyer had never married and had neither natural nor adopted children.

Appellant responded that there were fact issues in the case and that the language of the bank card was insufficient to vest ownership of the funds in the survivor. An affidavit attached to appellant's response established that: 1) appellant was the decedent's brother; 2) the decedent's only living heirs were the decedent's six brothers and sisters; 3) decedent's estate consisted of a house and the aforementioned account, which had a balance of $92,000 at his death; 4) all of the deposits to the account were of funds belonging to the decedent; 5) the account had been established as a convenience for the decedent who intended that his estate be divided equally among his brothers and sisters; and 6) the signature card failed to meet the requirements of section 439(a).

Based on this evidence, the trial court granted appellee's motion for summary judgment, and held that the funds belonged to appellee.

The Probate Code defines "joint account" as an account payable on request to one or more of two or more parties, whether or not there is a right of survivorship. Tex. Prob.Code Ann. sec. 436(4) (Vernon 1980). The account in question was a joint account. A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent. Tex.Prob.Code Ann. sec. 438 (Vernon 1980). Appellee neither alleged nor offered proof that contributions made by the deceased were intended as gifts to her in whole or in part.

Section 439(a) of the Probate Code provides that:

Sums remaining on deposit at the death of a party to a joint account belong to the surviving party ... against the estate of the decedent if, by a written agreement signed by the party who dies, the interest of such deceased party is made to survive to the surviving party.... *A survivorship agreement will not be inferred from the mere fact that the account is a joint account.* If there are two or more surviving parties, their respective ownerships during lifetime shall be in proportion to their previous ownership interests under Section 438 of this code augmented by an equal share for each survivor of any interest the decedent may have owned in the account immediately before his death, and the right of survivorship continues between the surviving parties if a written agree-

ment signed by a party who dies so provides. [Emphasis added.]

Since the enactment of 439(a), every Texas case has held that evidence of the deceased person's intent is not admissible to alter a survivorship agreement. *Chopin v. Interfirst Bank Dallas, N.A.,* 694 S.W.2d 79 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Otto v. Klement,* 656 S.W.2d 678 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.); *Sheffield v. Estate of Dozier,* 643 S.W.2d 197 (Tex.App.—El Paso 1982, writ ref'd n.r.e.).

■ However, except for *Chopin,* these cases speak to the rule that documents establishing a true survivorship account may not be altered by extraneous proof that the account was a mere convenience account. In Texas, a survivorship account must include words like "held as joint tenants with the right of survivorship." The words "payable to the survivor" do not create a survivorship account but have been held sufficient to create a presumption of intent to create a survivorship account. *See, e.g., Krueger v. Williams,* 163 Tex. 545, 359 S.W.2d 48 (1962). Except for *Chopin,* none of the cases interpreting sec. 439(a) involved an instrument containing language which raised a rebuttable presumption of intent to create a survivorship account under prior case law. One of the accounts discussed in *Chopin* was similar to the account which is the subject of this appeal. It involved a certificate of deposit issued to "W.P. Tims, Jr., or Mary L. Chopin." The certificate was accompanied by an account card signed by both depositors, which read as follows:

If there be more than one depositor upon the endorsement of any depositor the bank is hereby authorized to pay to either of them or upon the death of one to the survivor the funds represented by this certificate.

■ *Chopin* cited *Krueger* for the proposition that language such as "payable to either or to the survivor" and "either depositor or the survivor may make withdrawals" is insufficient to establish a joint tenancy with right of survivorship. However, *Cho-*

*pin* ignored the holding in *Krueger* that such language was sufficient to create a presumption of intention to establish a joint tenancy with right of survivorship and place the burden of proof on the one claiming the contrary. *Krueger,* 359 S.W.2d at 52. *Chopin* also relied on *Sheffield,* which held that extraneous evidence is not admissible to prove a convenience account once the writing unambiguously establishes a joint tenancy with right of survivorship. In fact, *Sheffield* did not hold that extraneous evidence was inadmissible when the account was *presumptively* a joint account. We disagree with the conclusion in *Chopin* and hold that the rule is different when the account instrument directs that it is "payable" to the survivor. Section 439(a) did not repeal the presumption of survivorship when the account includes the direction that it is payable to the survivor. Indeed, section 439(a) states only that "a survivorship agreement will not be inferred from the *mere* fact that the account is a joint account," which indicates that additional evidence would permit such an inference. Section 439(a) only prohibits evidence that an account is for the convenience of one of the parties when the unambiguous writing clearly establishes a joint account with rights of survivorship.

■ When a party elects to file a motion for summary judgment pursuant to Rule 166–A, Texas Rules of Civil Procedure, it assumes the burden of showing by competent summary judgment evidence that there was no genuine issue as to any material fact pertinent to the cause of action, and that it is entitled to the judgment prayed for as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). In summary judgment cases, the question on appeal is whether there is any issue as to any material fact upon which the outcome of the litigation depends. *In Re Price's Estate,* 375 S.W.2d 900 (Tex.1964).

■ In her motion for summary judgment, appellee produced competent evidence sufficient to raise the rebuttable pre-

sumption of intent to create survivorship rights, i.e., the account card subscribed by the decedent referring to "the survivor of us." Appellant responded with the sworn affidavit of James Sawyer that the decedent expressed his intent that his estate be divided equally among his brothers and sisters at the time of his death and that the account was created for his convenience because he was an invalid. The oral statements of the decedent, as related by James Sawyer, were not admissible without corroboration. Tex.R.Evid. 601(b). Here there was no corroboration. The affidavit testimony showing that the decedent was an invalid and stating the opinion that the account was merely for the decedent's convenience, while admissible, was legally insufficient to overcome the presumption of survivorship rights created by the joint account. The affidavit did not raise a genuine issue of material fact and the trial court properly granted appellee's motion for summary judgment.

The judgment of the trial court is affirmed.