**Wyndel McCARTY and wife, Margaret McCarty, Appellants,**

v.

**FIRST STATE BANK & TRUST COMPANY, Carthage, Texas, and S.L. Holmes, Appellees.**

No. 9505.

Court of Appeals of Texas, Texarkana.

Jan. 13, 1987.

Tom Bankhead, Bankhead, Davis & Davidson, Carthage, for appellants.

J.E. Jackson, Carthage, for First State Bank.

Robert Underwood, Carthage, for S.L. Holmes.

PER CURIAM.

This case involves the validity of a joint tenancy with right of survivorship bank account. The trial court found the account to be a survivorship account. We disagree and reverse.

Margaret McCarty is the second cousin of the deceased, Fannie Holmes Donald; she also is Donald's adopted daughter. S.L. Holmes is Donald's nephew.

Donald lived in a nursing home for several years before her death. She executed a power of attorney in favor of McCarty. In 1978, without consulting McCarty, Donald executed a partial revocation of the power of attorney. She also executed a deed of minerals to Leon Lewis for a consideration of $21,800.00. This sum was placed into an account in Donald's name with First State Bank.

When the money was deposited, a signature card was prepared by the bank. The trial court admitted this card into evidence attached to an affidavit signed by two wit-

nesses. The affidavit, in pertinent part, provides the following:

> BEFORE ME, the undersigned authority, on this day personally appeared Mary Barnett and Richard Ballenger, who being personally known to me stated upon their oaths the following facts:
>
> "On the 19th day of October, 1978, we had the occasion to visit with Mrs. Fannie Holmes Donald at the Panola Nursing Home in Carthage, Texas. It is our opinion that she was of sound mind and possessed the mental ability and capacity to recognize her property, know its existence, and control its disposition.
>
> Mrs. Fannie Holmes Donald stated she wished the money she received from the sale of certain minerals in Panola County to be placed in a joint account with rights of survivorship. In other words, she wished that the money be placed in a bank account in her name, together with S.L. Holmes's name, with the understanding that upon her death the money could be withdrawn by S.L. Holmes.
>
> It is our opinion that Mrs. Donald knows the consequences of her acts and this act was voluntary and of her own free will."
>
> Further affiant sayeth not.

It was signed by Fannie Holmes Donald, Mary Barnett and Richard Ballenger.

The money was deposited in the bank on October 10, 1978. The affidavit is dated October 19, 1978. The signature card has a sticker on it with Donald's and Holmes's signatures, which the bank officer, Vincent, testified was added on October 19 or October 20.

When Donald died in 1982, she willed her entire estate to Wyndel and Margaret McCarty. If the bank account is a survivorship account, the money in the account would not pass under the will but would go to Holmes. Tex.Prob.Code Ann. § 439 (Vernon 1980). However, if the account is not a survivorship account, it passes with the remainder of her estate. Tex.Prob. Code Ann. § 441 (Vernon 1980).

Vincent testified that the only record showing the account as a survivorship account was the affidavit, which was what the bank considered in determining the nature of the account. He added that the bank changed its records of the status of the account, but that neither the bank records nor the signature card mention anything about a survivorship account.

Section 439(a) of the Probate Code indicates that sums remaining on deposit in a joint account belong to the surviving party as against the decedent's estate if, by written agreement signed by the deceased, the interest of that deceased party is made to survive to the surviving party, and that survivorship cannot be inferred from the mere fact of a joint account. Thus the question presented is whether the affidavit asserting Donald's intent to set up a survivorship account is sufficient to constitute a written agreement under Section 439(a). The signature card, standing alone, contains no survivorship language.

█ The mere intention of a depositor as to use or ownership of the funds upon his death cannot be considered in determining the disposition of those funds. Only the language of the contract with the bank may be considered. *Sheffield v. Estate of Dozier,* 643 S.W.2d 197 (Tex.App.—El Paso 1982, writ ref'd n.r.e.). The court in *Sheffield* pointed out that the new Probate Code is similar to 8 U.L.A. *Estate, Probate and Related Laws* § 6–104 (1983), except that the Texas code deletes the U.L.A.'s language that the funds pass to the surviving party, "unless there is clear and convincing evidence of a different intention at the time the account is created." Additionally, Section 441 of the Probate Code provides that transfers of money under Section 439 are effective by reason of the account contracts involved and this statute, and are not testamentary. Ordinarily, evidence of the depositor's intent of ownership is not to be considered. *Otto v. Klement,* 656 S.W.2d 678 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.).

█ Thus, we look to the bank records to determine the nature of the contract. The signature card is silent as to survivorship

rights. The bank's finding of survivorship rests solely on the affidavit. Cases before the 1979 enactment of Probate Code Chapter XI held that where no community property issue exists, the language of the account signature cards controls. *Carnes v. Meador*, 533 S.W.2d 365 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.). Here, the affidavit is not actually Donald's, but rather is Mary Barnett's and Richard Ballenger's. It is insufficient to create a survivorship account. It is merely a statement of the depositor's intent, which the Probate Code indicates should be excluded from consideration.

Also, the affidavit was improperly admitted into evidence by the trial court. The affidavit was inadmissible hearsay. However, it was not objected to on those grounds. In addition the document did not tend to make the existence of any material fact more or less probable than it would have otherwise been; and it was objected to on the ground of relevancy. The trial court erred in overruling this objection because the document was not relevant. Tex. R.Evid. 401.

This affidavit is not a written notice to a financial institution pursuant to Tex. Prob.Code Ann. § 440 (Vernon 1980). It is the statement of two third parties, albeit signed by the depositor, Donald. Further, it is not an order and was not directed to the bank. Thus, it cannot change the form of the account.

Because the bank account was not a survivorship account, we reverse the judgment of the trial court and render judgment in favor of the McCartys.