**Mary K. STAUFFER, Appellant,**

v.

**J.D. HENDERSON, Individually and as Independent Executor of the Estate of Marian Kantner Henderson, Appellee.**

No. 07–87–0072–CV.

Court of Appeals of Texas, Amarillo.

March 8, 1988.

Rehearing Denied April 6, 1988.

William L. Rivers, Perryton, for appellant.

Mitchell G. Ehrlich, Lemon, Shearer & Ehrlich, Perryton, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

The case presents the question as to whether an account standing in the name of Marian K. Henderson and appellant Mary K. Stauffer was a joint account with right of survivorship. From a summary judgment that the account was not of that nature, appellant brings this appeal. We affirm the judgment of the trial court as reformed herein.

The suit underlying this appeal was filed by appellee J.D. Henderson, individually and as independent executor of the estate of his deceased wife, Marian K. Henderson, against appellant. In the suit, appellee sought recovery, both individually and in his representative capacity, for conversion of the account in question. It was, and is, appellee's contention that the account in question was simply a joint account, created by deposit of community funds of himself and Marian K. Henderson, and that appellant converted both his and the decedent's community one-half interests in the account by her withdrawal of the funds. Appellant claims the account as survivor under the terms of a joint account which, she says, gave her the right of survivorship. Both parties filed motions for summary judgment in the trial court.

The trial court granted appellee a partial summary judgment that the account in question was only a joint account and not a joint account with right of survivorship and awarded judgment in favor of appellee for the balance in the account on the date of decedent's death, plus prejudgment interest from January 1, 1985, and post-judgment interest. Appellant was ordered to return the proceeds from the account to appellee to be held as part of decedent's estate until a determination as to the characterization of the property as community property of her marriage to appellee or separate property of the decedent was made. In response to a joint motion, the court later

severed this part of the action from the remainder of the suit. Hence, this appeal.

In four points, appellant says the trial court erred in granting its judgment because (1) the summary judgment proof failed to establish as a matter of law that the account was only a joint account; (2) the summary judgment proof established as a matter of law that the account was a joint account with right of survivorship; (3) there is no summary judgment evidence which overcomes the presumption that the account survives to appellant; and (4) appellee failed to show by summary judgment proof that he was entitled to the prejudgment interest.

The account was in the Interstate Savings and Loan Association in Perryton. The signature account card executed by appellant and the decedent upon the creation of the account, in pertinent part, reads as follows:

JOINT ACCOUNT—PAYABLE TO EITHER OR SURVIVOR

... We agree and declare that all funds now or hereafter deposited in this account are and shall be our joint property ... and that upon the death of either of us any balance in said account or any part thereof may be withdrawn by, or upon the order of the survivor. It is especially agreed that withdrawal of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns, and personal representatives ... any such payment or delivery or a receipt or acquittance signed by any one of the undersigned shall be a valid and sufficient release and discharge of said Association.

The Probate Code defines "joint account" as an account payable on request to one or more of two or more parties, whether or not there is a right of survivorship. Tex. Prob.Code Ann. sec. 436(4) (Vernon 1980). It naturally follows that the account in question was a "joint account." Such an account belongs, during the lifetime of all parties, to those parties in proportion to the net contributions by each to the sums on

deposit. Tex.Prob.Code Ann. sec. 438 (Vernon 1980). Appellant stipulated that she made no contribution to the sums on deposit in the account.

Prior to the enactment of Chapter XI, "Nontestamentary Transfers," of the Texas Probate Code, the established rule in this State was that parol evidence was admissible to determine the intention of the depositor in setting up a joint survivorship account, even though such evidence contradicted the express terms of the joint account agreement. *Otto v. Klement*, 656 S.W.2d 678, 681 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.); *William Marsh Rice University v. Birdwell*, 624 S.W.2d 661 (Tex.App.—Houston [14th Dist.] 1981, no writ); *Griffin v. Robertson*, 592 S.W.2d 31 (Tex.Civ.App.—Texarkana 1979, no writ); *Estate of Reynolds v. Reynolds*, 443 S.W. 2d 601 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.).

Moreover, it seemed to be established that language such as "joint tenancy with right of survivorship" was sufficient to create the survivorship, while language such as "payable to either or to the survivor" and "either depositor or the survivor may make withdrawals," although insufficient to create such a right of survivorship, did create a presumption of intention to establish a joint tenancy with right of survivorship and placed the burden of proof upon the one claiming to the contrary. *Krueger v. Williams*, 163 Tex. 545, 359 S.W.2d 48, 51–52 (1962).

On August 27, 1979, section 439(a) of the Texas Probate Code Annotated (Vernon 1980) became effective.* At times relevant to this appeal, it stated:

Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties against the estate of the decedent *if, by a written agreement signed by the party who dies, the interest of such deceased party is made to survive to the surviving party or parties. A survivorship agreement will not be inferred from the mere fact that the account is a joint account.*

---

* That section was amended effective August 1, 1987, to further clarify language sufficient to

effectuate a right of survivorship. *See* Vernon Supp.1987.

If there are two or more surviving parties, their respective ownerships during lifetime shall be in proportion to their previous ownership interests under Section 438 of this code augmented by an equal share for each survivor of any interest the decedent may have owned in the account immediately before his death, and the right of survivorship continues between the surviving parties if a written agreement signed by a party who dies so provides. (Emphasis added.)

Section 441 of the Texas Probate Code Annotated (Vernon 1980), which became effective at the same time as section 439(a), provides:

Transfers resulting from the application of Section 439 of this code are effective by reason of the account contracts involved and this statute and are not to be considered as testamentary or subject to the testamentary provisions of this code.

It is apparent that by enacting the new chapter on "Non-testamentary Transfers," the legislature intended to make some change in the existing Texas rules governing the ascertainment of such transfers. In determining the extent of the change, the cases that have considered the question agree that parol evidence of the deceased person's intent is not admissible to alter a survivorship agreement, where the language of an account is sufficient to show such an agreement. *Sawyer v. Lancaster,* 719 S.W.2d 346, 349 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Chopin v. Interfirst Bank Dallas, N.A.,* 694 S.W.2d 79, 84 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Otto v. Klement,* 656 S.W.2d at 681.

However, where the language is insufficient, in and of itself, to establish such a survivorship agreement, but contains language of the "payable to either or to the survivor" and "either depositor or the survivor may make withdrawals" type, the cases are in disarray. Two cases have considered the question and have arrived at different conclusions. As in this case, these cases also involved appeals from summary judgment.

The first of these is *Chopin v. Interfirst Bank Dallas, N.A.,* 694 S.W.2d at 79. One

of the joint accounts considered in that case provided that the bank was authorized to "pay to either of them or upon the death of one to the survivor." The Court held that that type of language was sufficient to identify one to whom a delivery of possession was authorized, but insufficient to vest ownership of the funds in the survivor. *Id.* at 84. The Court concluded that under section 439, to establish a survivorship agreement there must be (1) a written agreement (2) signed by the decedent (3) which makes a decedent's interest "survive" to the other party. *Id.* at 83. En route to its decision that the language in question was insufficient to accomplish that end, the Court additionally noted the language in section 441 of the Probate Code that nontestamentary transfers authorized by chapter XI "are effective by reason of the account contracts involved and this statute." *Id.* The effect of these statutes was, the Court concluded, to require that the intent of the decedent must be determined from the agreement itself, and extrinsic evidence might not be offered to determine intent. *Id.* at 84. Although not expressly stated by the Court, implicit in that determination was the conclusion that if the instrument itself was not sufficient to show a survivorship agreement, the account was an ordinary joint account.

This holding of the *Chopin* Court was criticized in *Sawyer v. Lancaster,* 719 S.W.2d at 346. The *Sawyer* Court agreed that, in the case where the account instrument was sufficient on its face to show unambiguously a joint tenancy with right of survivorship, extrinsic evidence was not admissible to show otherwise. *Id.* at 349. It also agreed that language such as "payable to either or to the survivor" or "either depositor or the survivor may make withdrawals" is insufficient to establish a joint tenancy with right of survivorship. *Id.* However, the *Sawyer* Court noted the holdings prior to the adoption of section 439(a) that such language, although insufficient to show ownership, was sufficient to create a rebuttable presumption of intent to establish a joint tenancy with right of survivorship, with the burden of proof being placed on

the one claiming to the contrary. The Court then concluded that the statute did not change the prior rule in those instances and extrinsic evidence would continue to be admissible in that type of case. *Id.* En route to that conclusion, the Court suggested that the *Chopin* Court had "ignored" prior case law establishing the presumption. *Id.*

Predictably, appellee places heavy reliance upon the *Chopin* decision while, with equal fervor, appellant extols the rationale of the *Sawyer* Court.

As we noted above, there is no question that the legislature intended to change the existing Texas rule in its enactment of the chapter on "Nontestamentary Transfers." In its enactment of that chapter, our legislature generally adopted the provisions of Article VI of the Estate, Probate and Related Laws, 8 Uniform Laws Annotated, Master Edition (1972). However, when section 439(a) of the Texas Probate Code is compared with its progenitor, section 6–104(a) of the Uniform Code, it becomes evident that the legislature made a significant change. It deleted the language in section 6–104(a) which provided for joint account funds to pass to the surviving party "unless there is clear and convincing evidence of a different intention at the time the account is created." Instead, it substituted the provision that such funds would pass to the survivor only "if, by a written agreement signed by the party who dies, the interest of such deceased party is made to survive to the surviving party or parties." It appears obvious that this is a clear shift of emphasis.

By making that change, it seems clear that the legislature wisely intended to require a specific, definite written agreement before such property would be allowed to pass outside a testamentary instrument, thereby eliminating the increasing and time-consuming burden upon our trial courts of attempting to ascertain a deceased's intent through the uncertain avenue of extrinsic parol evidence. It naturally follows, we think, that in doing so, the legislature also changed the former case law rule pertaining to a rebuttable pre-

sumption of intent to establish a right of survivorship. To hold otherwise would be to defeat the salutary benefit of the legislative change.

The document here in question is similar in its essentials to the one in question in the *Chopin* case and is not sufficient to create a joint account with right of survivorship. That being the case, we must overrule appellant's first three points of error.

In her fourth point, appellant contends that the trial court erred in awarding appellee prejudgment interest from January 1, 1985. In his brief and on oral argument before this Court, appellee concedes that this point is meritorious and waives any right to prejudgment interest. We, therefore, reform the trial court's judgment to delete any recovery for pretrial interest. As reformed, that judgment is affirmed.