**Jose A. MARTINEZ, Appellant,**

v.

**Paul V. MARTINEZ, Appellee.**

**No. 04–88–00435–CV.**

Court of Appeals of Texas,
San Antonio.

Feb. 27, 1991.

Douglas S. Daniel, Daniel, Manning & Ralls, San Antonio, for appellant.

James Ward, San Antonio, for appellee.

Before CADENA, C.J.,[1] and BIERY and BISSETT,[2] JJ.

## OPINION

BISSETT, Justice.

This is an appeal from an order of a probate court which denied a Motion to Correct an Inventory, Appraisement and List of Claims filed by a co-executor in the estate of a decedent. The case involves the question of whether a savings account was held by joint tenancy with the rights of survivorship.

1. Not participating.

Matea Martinez, hereafter referred to as the "decedent," died testate in San Antonio, Texas, on June 30, 1987. Her last will and testament was admitted to probate by order signed on July 21, 1987, whereby her brothers, Jose A. Martinez and Paul V. Martinez, were appointed co-executors of the will.

Paul V. Martinez, hereafter "appellee," filed an Inventory on behalf of decedent's estate on February 4, 1988, which was duly approved by the probate court. The inventory shows a gross estate, valued at $40,-117.34. Included therein is a real estate note given to appellee by decedent, which was valued at $17,500.00. Also included among the assets listed therein was a savings account of $10,598.00 at Alamo Savings Association, San Antonio, Texas. The liabilities and expenses of the estate amount to $2,668.20, leaving a net estate of $37,449.14.

Jose A. Martinez, hereafter "appellant," filed "Motion to Correct Inventory," on May 11, 1988, wherein he requested the probate court to delete from the inventory the Alamo Savings Association savings account of $10,598.00. He alleged:

The above described account should not be listed on the inventory of the estate because it does not belong to the estate. This account was a joint account subject to a written agreement signed by the decedent that made the interest of the deceased party to survive to the surviving party of the joint account. The surviving party to the joint account is JOSE A. MARTINEZ. Under Section 439(a) of the Texas Probate Code, the sums in such account belong to JOSE A. MARTINEZ and not to the Estate of Matea Martinez.

A hearing was held on appellant's motion, at which it was stipulated that there was a savings account at Alamo Savings Association in the amount of $10,598.00. No witnesses testified, and the only evidence introduced was the signature card pertaining to the savings account. The sig-

2. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1988).

nature card shows that the decedent entered into a contractual agreement with Alamo Savings Association on August 15, 1983, concerning the savings account deposit. It listed the decedent as the account holder. Appellant's name was added to the signature card as an account holder on August 17, 1983. Both decedent and appellant signed the signature card, which in pertinent part, reads as follows:

> The undersigned parties to this account hereby agree with each other and with Association that with respect to all sums now on deposit or heretofore or hereafter deposited with Association from any source to this account and all earnings thereon we are joint depositors, that the moneys in such account may be paid to or on the order of any one of us, either before or after the death of the other account holder or account holders and payment to or on the check of any such number of us shall be valid and discharge Association from liability regardless of original ownership of the money so deposited; ...

Following a bench trial, the probate court denied appellant's Motion to Correct Inventory, whereupon this appeal was perfected.

■ Appellant contends in a single point of error that the probate court erred in not granting his motion because the funds in the savings account with Alamo Savings Association "are the subject of a joint tenancy with a right of survivorship agreement and therefore are not part of the estate of Matea Martinez."

Appellant argues that the money in the Alamo Savings Association savings account should not be included in the Inventory of the estate of the decedent because: 1) the agreement between the account holders (appellant and the decedent) and Alamo Savings Association can correctly be characterized as an agreement which created a joint tenancy with rights of survivorship, and 2) the account is payable on request to one or more of two or more parties whether or not there is a right of survivorship. He further argues that the account in question can be properly characterized as a "joint account," and since the signature card created rights of survivorship, "the funds in the account are non-probate" and passed directly to him, the survivor. Appellant, in support of his contention, relies primarily upon *Krueger v. Williams*, 163 Tex. 545, 359 S.W.2d 48 (1962), and *Sawyer v. Lancaster*, 719 S.W.2d 346 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Alternatively appellant argues in his brief that the words in the signature card "payable to the survivor," while not sufficient to create a survivorship account, do create a rebuttable presumption of an intention to establish a joint tenancy with rights of survivorship, which places the burden of proof on the party claiming to the contrary and has the same effect with respect to disposition of the proceeds of the account as a survivorship account. He contends that since appellee did not offer any proof at the hearing on the Motion to Correct Inventory, there is no evidence "of any contrary intent on the part of the decedent to create a survivorship account," and, consequently, such funds should be treated as a survivorship account. We disagree with appellant.

Appellee, in support of his claim that the probate court correctly and properly denied appellant's motion, relies primarily upon *Chopin v. Interfirst Bank Dallas NA*, 694 S.W.2d 79 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), and *Stauffer v. Henderson*, 746 S.W.2d 533 (Tex.App.—Amarillo 1988), aff'd 801 S.W.2d 858 (Tex.1990).

The 66th Legislature, Acts 1979, p. 1756, ch. 713, effective August 27, 1979, added Chapter XI to the Texas Probate Code. Included therein is Section 439(a), which is relevant to this appeal and provides in pertinent part:

> (a) Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties against the estate of the decedent if, by a written agreement signed by the party who dies, the interest of such deceased party is made to survive to the surviving party or parties. A survivorship agreement will not be inferred from the mere fact that the account is a joint account ...

It is apparent that by adding Chapter XI to the Texas Probate Code, the Legislature intended to make some changes in existing laws governing "non-testamentary" transfers. Since the decedent in this case died on June 30, 1987, the 1987 and 1989 amendments to Section 439(a) have no application to the case at bar.

Prior to the enactment of Section 439(a) of the Texas Probate Code, parol evidence was admissible to determine whether a decedent intended to establish a joint account with a right of survivorship, even though such evidence contradicted the express terms of the account contract. *See Otto v. Klement,* 656 S.W.2d 678, 681 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.); *Sheffield v. Estate of Dozier,* 643 S.W.2d 197, 198 (Tex.App.—El Paso 1982, writ ref'd n.r.e.); *Griffin v. Robertson,* 592 S.W.2d 31, 33 (Tex.Civ.App.—Texarkana 1979, no writ). After the enactment of Section 439(a) in 1979, Texas appellate courts have generally held that evidence of a decedent's intent is not admissible to alter a survivorship agreement. *Sawyer v. Lancaster,* 719 S.W.2d at 349; *Chopin v. Interfirst Bank Dallas NA,* 694 S.W.2d at 83–84; *Otto v. Klement,* 656 S.W.2d at 681; *Sheffield v. Estate of Dozier,* 643 S.W.2d at 198.

TEX.PROB.CODE ANN. § 436(4) (Vernon 1980) defines "joint account" as an account payable on request to one or more of two or more parties; whether or not there is a right of survivorship. Unquestionably, the savings account in question in this case was a joint account.

In *Krueger v. Williams,* 163 Tex. 545, 359 S.W.2d 48 (1962), a certificate of deposit in the amount of $10,000.00 was issued in the name of W.T. Williams and/or Mrs. Ida Mae Krueger, the daughter of Mr. Williams by a prior marriage. The certificate was not in evidence but the receipt card recited: "W.T. Williams and/or Ida Mae Krueger or payable to the survivor." Mr. Williams died and Mrs. Krueger, as executor of her father's will, filed an inventory of his estate which excluded the certif-

icate as an asset of his estate, and claimed the funds evidenced by the certificate as her individual property. The probate court agreed, and Mrs. Williams, the surviving wife, appealed. The district court disagreed with the probate court and held, in effect, that half of the proceeds of the certificate belonged to Mrs. Krueger as a gift from her father and half to the community estate of her father and his surviving wife. The district court rejected the contention of Mrs. Krueger that the terms of the certificate created in her the right of survivorship. The Court of Civil Appeals reversed the judgment of the district court and rendered judgment that the entire proceeds of the certificate was a community asset of the estate. The Supreme Court reversed the judgments of the district court and of the Court of Civil Appeals, and, in essence, rendered judgment that the entire proceeds of the certificate was the individual property of Mrs. Krueger. The Supreme Court held: 1) the certificate does not "lie within the provisions of § 46 of the Probate Code," because "the recitation falls short of expressing a clear intention to vest the absolute right of the ownership of the funds in the survivor"; and 2) "[t]he phrase 'payable to the survivor' is not tantamount to the provision that 'the certificate is held by them as joint tenants with the right of survivorship.'" However, the Court further held that the certificate "does serve to vest in Mrs. Krueger some present interest in and control over the certificate as well as the contractual right to possession of the proceeds as survivor." The Court then stated: "We therefore say that it does create a presumption of such intention on the part of the purchaser (Mr. Williams) of the certificate and places the burden of proof on one claiming to the contrary." [3]

This Court in *Magee v. Westmoreland,* 693 S.W.2d 612 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.) had before it for interpretation a certificate of deposit in the principal amount of $100,000.00; it was in

---

**3.** Subsequent opinions indicate that the holding by the Supreme Court in *Krueger* was limited to the facts of that case. *See Forehand v. Light,* 452 S.W.2d 709, 710 (Tex.1970); *Quilter v. Wendland,* 403 S.W.2d 335, 339 (Tex.1966) (Smith dissenting).

the name of Mary Louise Haag or Sam D. Magee; it recited:

> [P]ayable to said depositor, or if more than one, to either or any of said depositors or the survivor or survivors, upon presentation and surrender of this certificate, properly endorsed, on the Maturity date.

Mary Louise Haag died prior to the maturity date of the certificate of deposit. She named Ms. Westmoreland (appellee) as executor of her will, and bequeathed her residual estate to Ms. Westmoreland and to a third party. The will was admitted to probate. Thereafter, Sam D. Magee filed suit against Ms. Westmoreland and the other residual beneficiary for a declaration that the funds represented by the certificate of deposit passed to his as survivor. The funds represented by the certificate of deposit were furnished solely by Mary Louise Haag. The trial court awarded the funds represented by the certificate of deposit to the estate of Mary Louise Haag, to be distributed in accordance with her will. The judgment of the trial court was affirmed by this Court, and it was held that the certificate of deposit was governed by the provisions of Chapter XI. This Court stated:

> The unequivocal phraseology of the language in the Code and the requirements of an agreement in writing by joint owners of an account including a certificate of deposit prevent a court from scrutinizing the circumstances surrounding the establishment of such multiple-party accounts and declaring the existence of a contract for the benefit of the third party or the intent of the decedent. In the absence of the mandated agreement in writing, the interest of a joint owner who dies before severance shall not survive to the remaining joint owner but shall descend to and is vested in his heirs or legal representatives.

693 S.W.2d at 616.

In *Chopin v. Interfirst Bank Dallas NA*, 694 S.W.2d 79 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). a summary judgment case, a certificate of deposit was issued to W.P. Tims, Jr., or Mary L. Chopin. The accompanying account card, signed by both depositors read:

> If there be more than one depositor upon the endorsement of any depositor the bank is hereby authorized to pay to either of them or upon the death of one to the survivor the funds represented by this certificate.

W.P. Tims, Jr., died. Interfirst Bank (appellee), as executor of the W.P. Tims, Jr., estate, in the suit that was subsequently filed, contended that strict compliance with Chapter XI of the Probate Code prevented Ms. Chopin from taking the funds under survivorship. Ms. Chopin contended otherwise. No mention was made in the account card of a joint tenancy or a right of survivorship. The Dallas Court of Appeals concluded that even though the depositors could effect a non-testamentary transfer of rights in a joint account, the mere establishment of a joint account was not sufficient to infer a survivorship which would become effective under Section 439 of the Probate Code. The Court stated:

> It is clear that under the statute a survivorship agreement will not be inferred merely from the establishing of a joint account. Instead, it is required that there be (1) a written agreement (2) signed by the decedent (3) which makes his interest "survive" to the other party. Additionally, section 441 of the Probate Code makes clear that nontestamentary transfers authorized by chapter 11 "are effective by reason of the account contracts involved and this statute." The intent of the decedent must, therefore, be determined from the agreement, and extrinsic evidence may not be offered to prove intent. . . . Finally, by the terms of the agreement the account must be "made to survive" to the remaining party.

694 S.W.2d at 83–84. Having held that the account card was insufficient to vest ownership of the funds evidence by the certificate of deposit in Ms. Chopin as the survivor, the judgment of the probate court in favor of the executor of the estate of W.P. Tims, Jr., was affirmed.

The Houston First Court of Appeals, in *Sawyer v. Lancaster*, 719 S.W.2d 346 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), also a summary judgment case, addressed the issue of whether the decedent created a valid survivorship account. In April of 1983, Joseph Sawyer and Gertrude Lancaster executed a bank signature card for the bank account in issue. The card, among other statements, stated:

> [T]he amount thereof shall be paid by Harrisburg Bank to us, or either of us, or the survivor of us, or to the executors, administrators or assigns of such survivor; or upon the written order of any such person so entitled to payment; and without reference to the original ownership of the moneys deposited.

719 S.W.2d at 347.

After Joseph Sawyer's death in 1984, Ms. Lancaster brought an action for declaratory judgment against the representative of his estate, contending that the bank account of $92,000.00 passed to her as survivor. The probate court held that she was entitled to the funds. In the appeal that ensued, appellant claimed that the probate court erred in holding that the funds in the account passed to appellee, the surviving depositor of a joint account, because the bank signature card did not meet the requirements of section 439(a) of the Texas Probate Code. Appellee responded by asserting that the bank signature card was sufficient to crate a presumption of joint tenancy with right of survivorship, and that appellant failed to overcome the presumption. The appellate court affirmed the judgment of the probate court and held the language in the bank signature card, while insufficient to meet the requirements of section 439(a) of the Probate Code for crating a joint tenancy with rights of survivorship, created a presumption of survivorship; that extrinsic evidence is admissible to determine the true nature of the account; that the summary judgment evidence produced by appellee which showed that the account was a "convenience account," was not rebutted by appellant. The Houston Court, in its opinion, specifically disagreed with the holding by the Dallas Court in *Chopin*.

The Texarkana Court of Appeals, in *McCarty v. First State Bank & Trust Co.*, 723 S.W.2d 792 (Tex.App.—Texarkana 1987), *modified and reversed on other grounds*, 730 S.W.2d 656 (Tex.1987), reached a different conclusion than did the court in *Sawyer v. Lancaster*. In *McCarty*, the district court, based on an affidavit attached to a bank signature card, held that the account in question was a joint tenancy with the right of survivorship. The Court of Appeals reversed and held that extrinsic evidence, in the form of an affidavit signed by the deceased depositor and two witnesses after the decedent deposited funds in the bank, wherein the deceased depositor, Mrs. Fannie Holmes) Donald, stated that she wished that the money in the questioned bank account be placed in a joint account with S.L. Holmes with right of survivorship, was inadmissible to determine the nature of the account. In reversing the judgment of the trial court on the issue of survivorship the Court of Appeals said:

> The mere intention of a depositor as to use or ownership of the funds upon his death cannot be considered in determining the disposition of those funds. Only the language of the contract with the bank may be considered.

723 S.W.2d at 794.

The signature card was silent as to survivorship rights. Both S.L. Holmes and First Bank & Trust Co. filed applications for writ of error. The application of the bank was granted, and the Court reversed the disposition of the judgment of the court of appeals as to the bank, and remanded the cause to the trial court so that the bank will be allowed to litigate its claim against S.L. Holmes. The application of S.L. Holmes, complaining of the court of appeals' characterization of the bank account was refused "no reversible error." The Supreme Court, at 730 S.W.2d 656, noted:

> Two issues are presented in this case concerning a purported designation of joint tenancy with right of survivorship as to a bank account. The first issue is whether the instrument designating survivorship complied with section 439 of

the Texas Probate Code. The second issue involves rendering judgment on appeal without disposing of all causes of action.

The Amarillo Court of Appeals, in *Stauffer v. Henderson*, 746 S.W.2d 533 (Tex. App.—Amarillo 1988, *aff'd*, 801 S.W.2d 858 (Tex.1990)) had before it a case where the question presented was whether a savings account standing in the name of Marian R. Henderson and Mary K. Stauffer was a joint account with the right of survivorship. Mrs. Henderson opened the joint account with community funds. Ms. Stauffer did not contribute any funds to the account. Mrs. Henderson died and Ms. Stauffer withdrew all of the funds in the account. J.D. Henderson, individually and as executor of the estate of his deceased wife, Marian K. Henderson, filed suit against Ms. Stauffer for conversion. The trial court, in a summary judgment, held that there was no right of survivorship, and decreed that Mr. Henderson recover the funds. The signature card, which was executed by both Mrs. Henderson and Ms. Stauffer, in pertinent part, stated:

> JOINT ACCOUNT—PAYABLE TO EITHER OR SURVIVOR ... We agree and declare that all funds now or hereafter deposited in this account are and shall be our joint property ... and that upon the death of either of us any balance in said account or any part thereof may be withdrawn by, or upon the order of the survivor.

The Amarillo Court of Appeals reformed the trial court's judgment by deleting any recovery for pretrial interests, and as reformed, affirmed the judgment of the lower court. The Court determined that the legislature, in enacting Chapter XI of the Probate Code, intended that there be specific, precise language creating survivorship rights before property could pass by survivorship, and that the language in the signature card was insufficient to create a joint account in Ms. Stauffer with right of survivorship. The Supreme Court affirmed, as has been heretofore noted.

Concerning the conflicts between the decisions of *Chopin* and *Sawyer*, the Supreme Court of Texas, in *Stauffer*, said:

> In *Sawyer v. Lancaster*, 719 S.W.2d 346 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), the court considered an account signature card which authorized payment to the surviving party but did not create a right of survivorship. The court observed: "Since the enactment of 439(a), every Texas case has held that evidence of the deceased person's intent is not admissible to alter a survivorship agreement." *Id.* at 349. However, the court held, relying on *Krueger*, that section 439(a) did not prohibit a rebuttable presumption that the depositor intended to create a right of survivorship even though the language of the signature card did not express that intent.
>
> In this regard, *Sawyer* conflicts with the result in *Chopin*. As we have noted above, a presumption regarding a joint account party's intent to create a right of survivorship is inconsistent with the necessity of a written agreement required by section 439(a). We therefore disapprove *Sawyer* to the extent it is inconsistent with this opinion.
>
> We agree with the courts of appeals which have held that section 439(a) allows neither extrinsic evidence nor a rebuttable presumption to create a right of survivorship which is not established by a written agreement signed by the deceased joint account party.

In the case at bar, appellant, in his Motion to Correct Inventory, did not plead that the language in the signature card created a presumption of an intention to establish a joint tenancy with rights of survivorship. Instead, he pled that such language created rights of survivorship in him under "Section 439(a) of the Texas Probate Code." Section 439(a) of the Probate Code differs with respect to Section 46, in effect at the time of the decision in *Krueger v. Williams* (1962), in that Section 439(a) specifically provides that money on deposit at the death of a party to a joint account belongs to the survivor, or survivors, against the estate of the decedent "*if, by a written agreement signed by the*

*party who dies, the interests of such deceased party is made to survive to the surviving party or parties."* Therefore, in the absence of such an agreement in writing, as is the case here, the interest of a joint owner who does not survive the remaining joint owner, or owners, but such interest descends to and vests in his heirs or legatees, as the case may be. We conclude that the document, here in question, is similar in its essentials to those in question in *Magee, Chopin,* and *Stauffer,* and is not sufficient to create a joint account with rights of survivorship. Appellant's point of error is overruled.

The judgment of the trial court is AFFIRMED.