**Joy Williams KITCHEN, Appellant,**

v.

**Ellie Lee Park SAWYER, Jessie Mae Ogg Ray and Millard L. Ray, Appellees.**

**No. 05–90–01339–CV.**

Court of Appeals of Texas, Dallas.

July 24, 1991.

Rehearing Overruled Sept. 17, 1991.

Edward B. Winn, Robert N. Virden, Catherine Tolliver, Winn, Beaudry & Virden, Dallas, for appellant.

B.J. Hooks, Houston, Stephen W. McClain, McClain & Harrell, Conroe, for appellees.

Before ENOCH, C.J., and BISSETT[1] and STEPHENS[2], JJ.

OPINION

STEPHENS, Justice (Retired).

Joy Williams Kitchen appeals from a Declaratory Judgment action which sought a determination that a contract for a certain certificate of deposit created a joint tenancy with right of survivorship account, whereby the deposit would be owned by Kitchen after the death of the joint deposi-

---

1. The Honorable Gerald T. Bissett, Justice, Retired, Court of Appeals, Thirteenth District of Texas at Corpus Christi, sitting by assignment.

2. The Honorable Bill J. Stephens, Justice, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

tor. The trial court held that the deposit was not a joint tenancy with right of survivorship, and thus the account was not owned by Kitchen as the surviving joint depositor.

In two points of error, Kitchen contends that the trial court erred (1) in holding that the contract at issue did not create a joint account with right of survivorship, and (2) in failing to consider the circumstances surrounding the execution of the contract at issue as an aid to construction of the language used in the contract. We affirm.

## FACTS

On or about June 1, 1987, Ruby Williams Park, now deceased, deposited $80,000.00 with the Gibraltar Savings Association, now First Gibraltar Bank, in the form of a certificate of deposit. She signed the signature card, which formed the contract in question, and the signature card was subsequently signed by Kitchen. Park died on July 8, 1988, leaving a will which devised portions of the rest and residue of her estate to appellees, Ellie Lee Park Sawyer, Jessie Mae Ogg Ray, and Millard L. Ray. Kitchen was appointed independent executor of decedent's estate, receiving the appropriate letters testamentary on July 27, 1988. Gibraltar began paying all interest earned on the certificate of deposit to Kitchen from and after the date of Park's death.

Kitchen filed this suit on April 21, 1989, for judgment declaring the respective rights of the parties in and to the certificate of deposit and seeking a determination confirming that the certificate of deposit created a joint tenancy with the right of survivorship. Kitchen further alleged that, as survivor, she is the sole owner of the certificate of deposit. Interpleader Gibraltar deposited the proceeds of the certificate of deposit with the court and was dismissed from the suit. Kitchen filed her Motion for Summary Judgment, including as evidence a copy of the signature card creating the certificate of deposit account. Appellees answered the Motion for Summary Judgment contending that the account was not a joint account with right of survivorship, but was merely a joint account, and that the proceeds were an asset of the estate of decedent Park. The trial court denied Kitchen's Motion for Summary Judgment and, in a separate hearing, granted appellees' Motion for Summary Judgment. The trial court held that the signature card is unambiguous and creates a joint tenancy with no right of survivorship, and that appellees are entitled as a matter of law to judgment that the certificate of deposit is an asset of the decedent's estate.

## POINT OF ERROR NUMBER ONE

In point of error number one, Kitchen contends that:

The trial court erred in holding that the contract at issue did not create a joint account with right of survivorship.

The signature card is the contract at issue. In pertinent part it reads:

**800** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

ACCOUNT SIGNATURE CARD   Account Numbers Branch No.515   ·
     (Natural Person)     1. 518644262    3. _____
                              2. 42-935-3848  4. _____
TAX I.D. No. 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                DATE ____6-1-87_____

      GIBRALTAR SAVINGS ASSOCIATION   HOUSTON, Texas

("Association"). a depository institution, agrees with Accountholder(s) to establish the above numbered account(s), subject to the terms and conditions hereon, to be carried in the following name(s):

ACCOUNTHOLDER(S):_____
             Mrs. R. M. Park or Mrs. Joy Kitchen_____.

ACCOUNT OWNERSHIP

[ ]    ·Individual.   The Association ˙may honor all orders bearing the undersigned Accountholder's signature in the payment of funds or handling of any transactions with respect to the account(s) or any other account in the same name now or hereafter held by Accountholder.

[ ]    Joint Tenancy With Right of Survivorship.  The undersigned agree that all funds now or hereafter deposited in the account(s) with the Association are and shall be our joint property with the right of survivorship and that such funds may be paid to or on the order of any of·us, either before or after the death of any of us.  Any pledge of the account(s) to secure a loan by any of us shall not automatically terminate this joint tenancy.

**Right of Set Off: (not applicable)**

[ ]    Partition and Joint Tenancy Agreement (If Accountholders are husband˙and wife) (This portion not applicable because depositors were not husband and wife).

**THE ASSOCIATION MAKES NO REPRESENTATION OR WARRANTY·AS TO THE OWNERSHIP OF THE FUNDS IN THE ACCOUNT(S) NOW OR IN THE EVENT OF THE DEATH OF ANY ACCOUNTHOLDER.**

Accountholder(s) Signature(s)

(1) _/s/ Mrs. R. M. Park_____    (3) _____

(2) _/s/ Mrs. Joy Kitchen_____    (4) _____

_____

It must here be noted that none of the boxes on the signature card were marked to indicate the type of account.

Kitchen argues that the language set out in the signature card is sufficient to bring the account within the requirements of section 439(a) of the Texas Probate Code and establish a joint tenancy with right of survivorship. She contends it is unnecessary to make a mark in one of the boxes because it is clear that the language of the agreement, taken as a whole, shows that an account may be owned by an individual if there is only one accountholder named on the signature card, or in joint tenancy with right of survivorship if there are two or more accountholders.

Conversely, appellees argue that the signature card is insufficient to establish a contract of joint tenancy with right of survivorship because it does not satisfy all the statutory requirements for such accounts, including that it:

1. be in the form of a "written agreement,"

2. be "signed by the party who dies," and

3. be worded so that: "the interest of such deceased party is made to survive to the surviving party or parties."

TEX.PROB.CODE ANN. § 439(a) (Vernon Supp. 1991).

▮▮▮ Section 439(a) further provides that a survivorship agreement will not be inferred from the mere fact that an account is a joint account. Appellees further argue that the signature card required the marking of a box to expressly designate the account as a joint account with right of survivorship.

▮▮▮ We conclude that the disposition of this case is controlled by *Chopin v. Inter-*

*First Bank Dallas N A,* 694 S.W.2d 79 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). In *Chopin,* this Court held that extrinsic evidence could not be offered to prove intent to establish a joint account with right of survivorship. *Id.* at 84. The Amarillo Court of Appeals expounded further:

> [T]he legislature wisely intended to require a specific, definite written agreement before such property would be allowed to pass outside a testamentary instrument, thereby eliminating the increasing and time-consuming burden upon our trial courts of attempting to ascertain a deceased's intent through the uncertain avenue of extrinsic parol evidence. It naturally follows, we think, that in doing so, the legislature also changed the former case law rule pertaining to a rebuttable presumption of intent to establish a right of survivorship. To hold otherwise would be to defeat the salutary benefit of the legislative change.

*Stauffer v. Henderson,* 746 S.W.2d 533, 536 (Tex.App.—Amarillo 1988), *aff'd,* 801 S.W.2d 858 (Tex.1990).

We find that the signature card is not an unambiguous written contract establishing a joint account with right of survivorship, as is required by section 439(a) of the Probate Code. We agree with the trial court that the account is merely a joint account.

Appellant's first point of error is overruled.

### POINT OF ERROR NUMBER TWO

■ Under point of error number two, Kitchen argues that if the signature card does not unambiguously create a joint tenancy with right of survivorship, then an affidavit of Martha Pierce, Assistant Vice-President of First Gibraltar Bank, FSB, and former employee of Gibraltar Savings Association, which was submitted in support of Kitchen's Motion for Summary Judgment, should have been considered to support her argument that the parties to the account intended it to be a joint account with the right of survivorship. The affidavit sets out that the policies and procedures of Gibraltar, at the time the account was opened, required all of Gibraltar's joint or multiple party accounts to be joint accounts with right of survivorship. As set forth under point of error number one, this Court has held that extrinsic evidence may not be utilized to prove the intent of the parties with respect to the creation of a joint account with right of survivorship as is required by section 439(a) of the Probate Code. Kitchen's second point of error is overruled.

The judgment of the trial court is affirmed.