**Lillian J. PRESSLER, Appellant,**

v.

**LYTLE STATE BANK and Russell C. Busby, Independent Executor of the Estate of J.D. Weaver, Appellees.**

No. 04–97–00198–CV.

Court of Appeals of Texas, San Antonio.

Oct. 30, 1998.

Pat Beard, David B. Kultgen, Waco, for Appellant.

Thomas P. Cate, Law Office of Thomas P. Cate, P.C., Lytle, William R. Crow, Jr., San Antonio, Jonathan B. Cluck, Kampmann & Church, San Antonio, for Appellees.

Before DUNCAN, STONE and GREEN, JJ.

## OPINION

DUNCAN, Justice.

Lillian J. Pressler appeals the trial court's judgment declaring the funds in a bank account to be the property of the Estate of J.D.

Weaver. Pressler contends the account was a joint account with right of survivorship and, as the survivor, she should recover the funds. We disagree and affirm the trial court's judgment.

### Factual and Procedural Background

Shortly after becoming his wife's guardian, J.D. Weaver opened Lytle State Bank Account Number 508845, an individual account styled "Christine Graham Weaver; J.D. Weaver as Guardian." Initially, only J.D. Weaver was authorized to withdraw funds from the account. Later, however, the Weavers' longtime family friend, Lillian J. Pressler, was made an authorized signatory on the account. In 1991 Weaver and Pressler signed a new signature card. Under the new card, the account was still designated an individual account and was still styled "Christine Weaver, NCM J.D. Weaver, Guardian." However, J.D. Weaver was designated the beneficiary of the account.

Christine Weaver died in 1992. In the settlement of her estate, her husband became the owner of the account and remained so until his death in 1994. Shortly after J.D. Weaver's death, Pressler withdrew the funds in the account. According to Pressler, she is the survivor of a joint account with right of survivorship pursuant to the handwritten, blue ink "x" in the box labeled "Joint—With Survivorship" on the signature card:

However, in accordance with the typed "XX" in the box labeled "Individual," Russell C. Busby, Independent Executor of the Estate of J.D. Weaver, claims the funds on behalf of the Estate. Because ownership of the funds was disputed, the Bank filed this declaratory judgment action. Busby and Pressler answered and filed counter- and cross-claims.

After a week-long trial, the trial court submitted the disputed fact questions to the jury. In response to Question 2, the jury found the handwritten, blue ink "x" was not placed on the signature card either by J.D. Weaver or with his consent. Accordingly, the trial court rendered a judgment declaring the funds to be the property of the Estate and ordering Pressler to pay the Estate's attorney's fees and costs. Pressler appeals, contending Question 2 erroneously placed on her the burden of proving the handwritten, blue ink "x" was placed on the signature card by Weaver or with his knowledge and consent and the jury's answer to Question 2 is not supported by legally and factually sufficient evidence.

## BURDEN OF PROOF

■ In her fourth point of error, Pressler argues the trial court erred in overruling her objection to Question 2 because it erroneously placed on her the burden of proving the handwritten, blue ink "x" was placed on the signature card by J.D. Weaver or with his knowledge and consent. We disagree.

### Standard of Review

Charge error is reviewed under an abuse of discretion standard. *Texas Dep't of Human Servs. v. E.B.,* 802 S.W.2d 647, 649 (Tex.1990). This is a dual standard, and which aspect of the standard applies depends upon the type of issue involved. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). If the ruling resolves an issue of fact, a reviewing court may not reverse unless "the trial court could reasonably have reached only one decision." *Id.* at 839–40. If, however, the ruling rests upon "determining what the law is or applying the law to the facts," the "trial court has no 'discretion.'" *Id.* at 840. Accordingly, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.; see H.E. Butt Grocery Co. v. Bilotto,* 928 S.W.2d 197, 199 (Tex.App.—San Antonio 1996), *aff'd on other grounds,* 41 Tex. Sup.Ct. J. 1213, 1998 WL 388586, — S.W.2d — (July 14, 1998); *see also* W. Wendell Hall, *Standards of Review in Texas,* 29 ST. MARY'S L.J. 351, 446–47 (1998); Roger Townsend, *State Stan-*

dards of Review: Cornerstone of the Appeal, in 1 6TH ANNUAL CONFERENCE ON STATE AND FEDERAL APPEALS 9–1, 9–20 (University of Texas School of Law 1996).

### Discussion

■ If more than one party is authorized to withdraw funds from an account, the account is a "multiple-party account." *See* TEX. PROB.CODE ANN. § 436(5) (Vernon Supp. 1998). But unless a multiple-party account is a joint account with right of survivorship, a pay-on-death account, or a trust account, "the death of any party to [the] account has no effect on beneficial ownership of the account other than to transfer the rights of the decedent as part of his estate." TEX. PROB. CODE ANN. § 439(d) (Vernon 1980 & Supp. 1998). Accordingly, at a depositor's death, his account passes to his estate unless another party establishes the account is one of the types encompassed by sections 439(a)–(c). *See id.* To establish that an account was a joint account with right of survivorship under section 439(a) requires a party to introduce a "written agreement signed by the deceased joint account party"; even a joint account is not presumed to be a joint account with a right of survivorship. *Stauffer v. Henderson,* 801 S.W.2d 858, 865 (Tex.1990).

■ Pressler concedes J.D. Weaver owned the funds in Account 508845 before his death. Accordingly, at Weaver's death, if there were no evidence the account was a joint account with a right of survivorship, the funds in the account would pass to his estate. *See Martinez v. Martinez,* 805 S.W.2d 873, 880 (Tex. App.—San Antonio 1991, no writ). As a result, a party who claims to own an account as the survivor of a joint account with right of survivorship bears the burden of proving her claim. *See Union City Transfer v. Adams,* 248 S.W.2d 256, 260 (Tex.Civ.App.— Fort Worth 1952, writ ref'd n.r.e.), *cert. denied,* 344 U.S. 912, 73 S.Ct. 334, 97 L.Ed. 703 (1953) (party bears burden of proof if she would lose if no evidence of fact were introduced). Pressler was therefore correctly made to bear the burden of proving the facts necessary to establish her ownership of the account.

In short, Pressler was no more entitled to a presumption that Account 508845 was a joint account with a right of survivorship because she was in possession of the funds than was Mary K. Stauffer, who also withdrew funds shortly after her co-signatory's death. *Stauffer,* 801 S.W.2d at 859. Regardless of who possessed the funds, they belonged to the Estate of J.D. Weaver unless Pressler introduced a valid written agreement creating a joint account with right of survivorship. *Id.* at 865. Pressler was thus properly made to bear the burden of proving the validity of the agreement by which she contended she owned the account. We therefore overrule Pressler's fourth point of error.

### SUFFICIENCY OF THE EVIDENCE

In her first three points of error, Pressler argues the evidence is legally and factually insufficient to support the jury's finding that the handwritten, blue ink "x" was not placed on the signature card either by J.D. Weaver or with his knowledge and consent. We disagree.

### *Standard of Review*

"If an appellant is 'attacking the legal sufficiency of an adverse finding to an issue on which [he] had the burden of proof, [he] must demonstrate on appeal that the evidence conclusively established all vital facts in support of the issue.'" W. Wendell Hall, *Standards of Review in Texas,* 29 ST. MARY'S L.J. 351, 481–82 (1998) (brackets in original) (quoting *Smith v. Central Freight Lines, Inc.,* 774 S.W.2d 411, 412 (Tex.App.—Houston [14th Dist.] 1989, writ denied)). To prevail on a factual sufficiency complaint, the appellant "must demonstrate that the adverse finding is against the great weight and preponderance of the evidence." *Id.* at 485.

### *Discussion*

No one who testified at trial knew when, how, or by whom the handwritten, blue ink "x" was placed on the signature card. However, the evidence conclusively establishes the Bank requires completion of a new signature card to change the terms of an account, and it will not change an individual account to a joint account with a right of survivorship simply by placing a handwritten, blue ink "x" in the appropriate box. No one recalled Weaver changing the signature card. But Bank employee Josey Hernandez testified Pressler came to the Bank alone one day before Weaver died to make sure she was still authorized to sign checks on the account, and the Bank's cashier and vice president, Richard B. Chandler, testified it was "possible" Pressler put the handwritten, blue ink "x" on the card. Consequently, the record does not conclusively establish the handwritten, blue ink "x" was placed on the signature card by J.D. Weaver or with his consent. Nor does our review of the record indicate the jury's finding on this issue is so against the great weight and preponderance of the evidence as to be manifestly unjust. We therefore overrule Pressler's first, second, and third points of error.

### ATTORNEY'S FEES

In her fifth point of error, Pressler argues the trial court erred in ordering her to pay the Estate's attorney's fees because the Estate's attorney failed to segregate the fees associated with its request for a declaratory judgment as to the ownership of the funds from the fees associated with its prosecution and defense of other claims.

### *Standard of Review*

"[T]he Declaratory Judgments Act entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex. 1998).

### *Discussion*

As a general rule, when a plaintiff seeks to recover attorney's fees in a case in which there are multiple claims, at least one of which supports an award of fees and at least one of which does not, the plaintiff must segregate the fees among the claims. *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10–11 (Tex.1991). But an exception to this

general rule arises when "the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their 'prosecution or defense entails proof or denial of essentially the same facts.'" *Id.* at 11 (quoting *Flint & Assoc. v. Intercontinental Pipe & Steel, Inc.,* 739 S.W.2d 622, 624–25 (Tex.App.—Dallas 1987, writ denied)).

Here, all of the Estate's claims and defenses arise out of a single issue and entail proof of the same set of facts. Accordingly, segregation was not required. We therefore overrule Pressler's fifth point of error and affirm the judgment.